Weatherford, Mineral Wells & Northwestern Railway
Company v. Francis Granger.

No. 28.

1. **Pleading—Petition—Exceptions.**—See petition setting out several distinct items of service for which compensation was asked. There was a general demurrer, and a special exception that " the petition does not show the items of service claimed by the plaintiff with sufficient certainty and particularity to require the defendant to plead thereto." Some of the items were distinctly described. *Held*, that the general demurrer was rightly overruled.    See example.

2. **Case Discussed — Common Counts.** — Caldwell v. Haley, 3 Texas, 317, discussed and adhered to, but held not to apply where several distinct items are set out.

3. **Pleading—Defective Allegations as to Part of Plaintiff's Case.** The rule of decision where special exceptions are filed to parts of the petition is Rule 18 of Rules for District Courts: "A special exception shall not only point out the particular pleading excepted to, but shall point out intelligibly the obscurity * * * or other insufficiency in the pleading objected to." An exception not so specifying will be treated as a general demurrer, and in such case, if any item in the petition is well pleaded, the demurrer should be overruled.

This case was appealed from the District Court of Parker County.

In the Court of Civil Appeals, Second District, Associate Justice Stephens was disqualified. The judgment below was reversed; a motion for rehearing was filed. Pending such motion the question of sufficiency of the petition was certified to the Supreme Court.

*G. A. McCall*, for appellant.—When there is any obscurity, duplicity, generality, or any other defect in form in the petition, the objection is made by special exception, showing in what respect the pleading is defective. Rule 18, 47 Texas, 620; 34 Texas, 351.

As to surplusage: 1 Texas, 364.

Alleging an indebtedness without stating time of account: 2 Texas, 485; 5 Texas, 276.

Payment without stating time and manner: 5 Texas, 582.

Failure to bring money in court or to offer to do so: 20 Texas, 499.

Facts in affidavit for attachment not negatived, though stated that attachment was wrongfully issued: 7 Texas, 517

False imprisonment, that there were reasonable grounds, but do not state the grounds: 19 Texas, 121.

Fraud alleged, but not the facts: 28 Texas, 610.

Failure of consideration, but no tender back: 28 Texas, 610.

Limitation: 17 Texas, 35; 24 Texas, 345; 29 Texas, 178; 33 Texas, 354; 34 Texas, 356; 34 Texas, 364; 43 Texas, 624; 51 Texas, 578.

*S. B. Cantey*, for appellee.—1. The demurrer urged in this case was a general exception; to constitute a special exception it must point out the uncertainty at which it is directed. "The pleader must lay his finger upon the very point." Rules for Dist. Cts., 18; Sayles' Plead. and Prac., secs. 26, 38; 1 Chit. Plead., 16 ed., pp. 252, 559, 667, 694, 699; Gould's Plead., 434; 2 Estee's Plead., secs. 3160–3165.

2. There can be no demurrer to a demurrer; hence a demurrer, described by the pleader as a special exception, but failing to point out the defect complained of, is itself defective, and should always be overruled. Chitty, 14 ed., pp. 252, 667, and note; Boynton v. Tidwell, 19 Texas, 119; Railway v. Montier, 61 Texas, 122; Canales v. Perez, 65 Texas, 292; George v. Lemon, 19 Texas, 152; Frosh v. Swett, 2 Texas, 485; Holmes v. Railway, 94 Ill., 439; Witley v. Carpenter, 15 Law Rep. Ann., 855.

3. It can be safely stated as a general rule, that a pleading which is demurred to as a whole, if good in part will stand, and the demurrer must be overruled. There is no authority requiring the court to search through all the items of service to ascertain if any one was insufficiently pleaded, and divide up the demurrer, and render thereon and in response thereto two or more judgments. Oliphant v. Markham, 79 Texas, 547; Railway v. Taylor, 79 Texas, 104; Caldwell v. Haley, 3 Texas, 320; May v. Jones,

88 Ga., 312; Eldridge v. Bell, 12 How. Pr., 547; 9 Neb., 515; 2 Utah, 96; 83 Ind., 28.

GAINES, ASSOCIATE JUSTICE.—This case comes to us upon a question certified for our decision by the Court of Civil Appeals for the Second Supreme Judicial District.

Francis Granger, the appellee, brought suit against the appellant, the Weatherford, Mineral Wells & Northwestern Railway Company, upon an account for services rendered. In stating his cause of action he alleged in his petition, "that heretofore, to-wit, during the months of June, July, August, and September, and on divers days before that time, in the year A. D. 1889, the plaintiff, in his business as an attorney at law, at the request of said defendant, did and performed certain labor and services in and about the drawing divers contracts, bonds, charters, and agreements, making divers journeys, and giving attendance about the business of said defendant, and in and about the raising of certain subsidies and bonuses and right of way from citizens of Parker County and Palo Pinto for said defendant, its agents and officers, as specified in the account annexed and made a part of this petition," etc.

The exhibit referred to is as follows:

*Weatherford, Mineral Wells & Northwestern Railway Company,*
*To Francis Granger.*        *Dr.*

| | |
|---|---|
| To services in raising subsidy at Weatherford .............. | $1,000 00 |
| Examination of charter and correction of same ......... | . 100 00 |
| Drawing subscription contract in June, 1889 ........... | 100 00 |
| Drawing bond for $40,000, railway company to directors Commercial Club................................. | 250 00 |
| Consultation and opinion and advice to said company upon various questions under the law of corporations and the Texas railway act during the months of July, August, and September, 1889........................ ...... | 500 00 |
| Total ......................................... | $1,950 00 |

The defendant filed the following demurrer to the petition:

" Comes the defendant herein by its attorney, and excepts generally to plaintiff's petition, and says the same is not good in law, wherefore the defendant prays judgment of the court. And for special exception the defendant says, the petition does not show the items of service claimed by the plaintiff with sufficient certainty and particularity to require the defendant to plead thereto, and of this he prays judgment of the court."

There was also an answer. The court overruled the demurrers, and after a trial upon the facts gave judgment for the plaintiff.

The cause having been appealed, the Court of Civil Appeals reversed the judgment of the District Court, upon the ground that the special demurrer ought to have been sustained. A motion for a rehearing was filed in the Court of Civil Appeals, challenging its ruling upon the action of the trial court upon the demurrers. The question now submitted to us is, " Was the action of the court below correct or incorrect in overruling the exceptions above set forth ? "

We are of the opinion that the demurrers were correctly overruled. The petition is undoubtedly good upon general demurrer. The case is unlike that of Caldwell v. Haley, 3 Texas, 317. There, although the aggregate sum claimed was only $1200, the petition contained several counts, each of which was intended to show an indebtedness for that sum— one for work and labor done, another for goods sold, a third for money lent, and a fourth for money had and received. It was evident that the plaintiff intended to claim only $1200, but upon which count he intended to rely upon the trial was left wholly uncertain. The court held that our statute, which requires the petition to contain " a full and clear statement of the cause of action," did not warrant two or more counts as in a declaration at common law, and therefore the pleading was held bad upon general demurrer. Under our system, the effect of the allegations in the petition was that the defendant owed the plaintiff either for labor performed, or goods sold, or for money lent, or for money received. Such alternative pleading is essentially bad. In the present case, however, the recovery is claimed for services rendered by the plaintiff to the defendant, and the general character of the services is stated.

We think, however, that some of the items shown in the exhibit to the petition are not stated with sufficient particularity as against a proper special exception, notably the first and probably the last. The others we think definite enough to answer every reasonable requirement of the law.

But this brings us to the question, whether the special demurrer is sufficient to meet such a case. It does not particularize each item and say that the allegations in reference to it are too indefinite, but says that the averments as to all the items are uncertain. It can not be sustained as to the whole. Should it be sustained as to some of the items and overruled as to the others ? The old rule at common law seems to have been, that if the demurrer be too large—that is to say, if the pleading which is demurred to be good in part and bad in part, and the demurrer be to the whole, the demurrer should be overruled as a whole. But latterly the doctrine seems to have been questioned, if not overruled. Hurd v. Gray, 1 M. & G., 201, note; Briscoe v. Hill, 10 M. & W., 740; Yeates v. Tearle, 62 B., 283. The equity practice was in accordance with the old rule.

We are of opinion, however, that the question should be determined by the rule of this court, laid down for the government of the District

Courts, which reads as follows: ''A special exception shall not only point out the particular pleading excepted to, but it shall point out intelligibly the obscurity, inconsistency, duplicity, generality, or other insufficiency in the pleading objected to. The general expression, that it is vague, uncertain, and the like, alone shall be regarded as no more than a general exception.'' Rule 18: 47 Texas, 620; 84 Texas, 711. Each item in the account sued upon in this case constitutes a cause of action in itself; and the spirit, if not the letter, of the rule quoted demands that each should have been specially excepted to; or at least, that if any one of the items be sufficiently declared upon, a special exception to all, without specifying each in particular, should be overruled. Under such an exception the court should not be required to select the bad from the good, and to sustain the demurrer as to some items and to overrule it as to others.

As we have before said, our opinion is that the trial court did not err in overruling the demurrers to the petition, and it will be so certified.

Delivered June 15, 1893.