## McDONALD v. HENDERSON.   (No. 2104.)

(Court of Civil Appeals of Texas.   Amarillo.
March 28, 1923.   Rehearing Denied
April 25, 1923.)

1. **False imprisonment** ⟨key⟩5 — **Detention at point of gun held actionable; "false imprisonment."**

Allegations of detention of plaintiff at the point of a gun, until the arrival of officers for whom defendant sent, *held* to make a case of "false imprisonment," within Pen. Code 1911, art. 1039.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, False Imprisonment.]

2. **False imprisonment** ⟨key⟩7(4)—**One at whose instance a false imprisonment is continued is liable.**

One at whose instance a false imprisonment is continued by an arrest made by officers acting without warrant, where there is no excuse for arrest without warrant, is responsible therefor.

3. **False imprisonment** ⟨key⟩34 — **Damages for mental suffering allowable.**

The fact that no physical hurt was inflicted on one complaining of a false imprisonment is no ground for denying recovery of reasonable compensation for mental suffering, of which humiliation, shame, and fright are elements to be considered.

4. **False imprisonment** ⟨key⟩34—**Expenses element of damages.**

One who is falsely imprisoned is entitled to recover reasonable expense incurred in freeing himself from the false imprisonment.

5. **Pleading** ⟨key⟩228—**Exception to both items of recovery jointly held properly overruled, where allegation was sufficient as to one item.**

Joint exception to two items of recovery *held* properly overruled, where the allegation was sufficient as to one item.

6. **Appeal and error** ⟨key⟩1068(3)—**Refusal to instruct on issue of liability held harmless, where evidence would have justified directed verdict on that issue.**

Where the evidence would have justified a peremptory instruction for plaintiff on the issue of defendant's liability in an action for false imprisonment, any error in refusing defendant's requested charge on that issue was harmless.

Appeal from Hall County Court; W. A. McIntosh, Judge.

Action by R. T. Henderson against H. A. McDonald. Judgment for plaintiff, and defendant appeals. Affirmed.

Elliott, Moss & Randal, of Memphis, for appellant.

T. T. Clark, of Memphis, for appellee.

BOYCE, J.   We have carefully considered the various propositions presented by appellant, and, having reached the conclusion that no grounds for reversal are shown, dispose of these propositions by a general statement of our conclusions.

[1, 2] The petition, in our opinion, presented a good cause of action for aggravated assault (articles 1008 and 1022, Penal Code) and false imprisonment (Penal Code, art. 1039; 11 R. C. L. p. 793, § 5; 25 C. J. pp. 452–455). The allegations of detention of the plaintiff, at the point of a gun, until the arrival of officers, for whom defendant sent, certainly made a case of false imprisonment. The officers, in taking the plaintiff to Memphis, without warrant of arrest and no excuse for arrest without warrant, continued the false imprisonment, and as this action was at defendant's instance he was also responsible therefor. Taylor v. Hearn, 63 Tex. Civ. App. 333, 133 S. W. 301; 25 C. J. 469.

[3] The fact that no physical hurt was inflicted on the plaintiff is no reason for denying recovery of reasonable compensation for mental suffering, of which humiliation, shame, fright, etc., are elements to be considered. 25 C. J. pp. 559, 560; Gold v. Campbell, 54 Tex. Civ. App. 269, 117 S. W. 468; Hays v. Creary, 60 Tex. 445; 11 R. C. L. p. 819, § 34.

[4] The plaintiff, as another element of damage, was entitled to recover the reasonable expenses incurred in freeing himself from the false imprisonment. Gold v. Campbell, 54 Tex. Civ. App. 269, 117 S. W. 468; 25 C. J. 558, § 173.

[5] We think the petition sufficient in the allegation of $2.50 automobile expense in going to and returning from Memphis, but

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

doubt the sufficiency of the allegation as to the $25 attorney fees. However the exceptions urged were to both of these items and the allegations being sufficient as to one there was no error in overruling them. Weatherford Railway Co. v. Granger, 85 Tex. 574, 22 S. W. 959; Zeiger v. Woodson (Tex. Civ. App.) 202 S. W. 166, 168, 169. The allegations and proof are also sufficient to warrant recovery of exemplary damages. Gold v. Campbell, supra; 25 C. J. p. 563.

[6] The evidence, in our opinion, would have justified a peremptory instruction for the plaintiff on the issue of liability, leaving the jury only to determine the amount of the damage. For this reason any error in the refusal of defendant's requested charges on the issue of liability was harmless. While the two issues of damage might have well been combined and submitted as one issue under proper instructions, we think it apparent that different elements of damage were submitted and found by the jury, and that there was no double recovery. The facts would have warranted the assessment of plaintiff's damages at a much larger amount than he recovered on verdict of the jury.

Affirmed.