**L. J. HARRISON, Appellant,**

v.

**SOUTHLAND CORPORATION et al., Appellees.**

**No. 19022.**

Court of Civil Appeals of Texas, Dallas.

Nov. 4, 1976.

Jack C. Morgan, Morgan, Shumpert, Huff, Mosley & Co., Kaufman, for appellant.

Stephen F. Fink, Thompson, Knight, Simmons & Bullion, Dallas, for appellees.

GUITTARD, Justice.

In this suit against the owner of a grocery store and its employee for false imprisonment, the trial court rendered summary judgment for defendants. The action arises from plaintiff's arrest by police officers.

The question for our decision is whether evidence of an accusation by the employee, Mrs. Perry, that plaintiff had committed a robbery supports an inference that she requested or directed the arrest. We hold that no such inference can be drawn. Consequently, we affirm.

The material facts are stipulated for the purpose of the motion for summary judgment as follows:

The parties would stipulate and agree that the actions which resulted in the arrest and detention of the Plaintiff occurred on September 20, 1970. That the Plaintiff was subsequently acquitted and released from custody on July 11, 1973. That the Dallas Police Department arrested the Plaintiff based upon the accusations of Defendant, Mrs. Perry, but that she played no active role in the arrest and detention of Plaintiff. Neither Defendant Southland Corporation nor Defendant Perry at any time themselves physically restrained, detained, imprisoned or arrested Plaintiff. The Dallas Police Department did, however, arrest Plaintiff on September 20, 1970, without a warrant based upon the accusations and information filed by Mrs. Perry, who was an employee of Southland Corporation at the time and was acting within the course and scope of her employment.

On this appeal, plaintiff relies on the rule that where more than one person participates in an unauthorized arrest, each is liable for the acts of all, as held in *Wolf v. Perryman*, 82 Tex. 112, 17 S.W. 772, 775 (1891), and *McDonald v. Henderson*, 250 S.W. 463 (Tex.Civ.App.—Amarillo 1923, no writ). Plaintiff concedes that liability of a store owner for an improper arrest by a police officer depends upon whether the defendant's employee requested or directed the arrest, and that merely to report an alleged offense and identify the plaintiff as the offender does not establish liability for false imprisonment. Authorities so holding include *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059, 1063 (1898), and *J. C. Penney Co. v. Reynolds*, 329 S.W.2d 104 (Tex.Civ.App.—El Paso 1959, writ ref'd n. r. e.). Plaintiff

argues, however, that the stipulation raises a fact issue because a jury would be permitted to infer that Mrs. Perry requested or directed the arrest from evidence that she accused and identified plaintiff as having committed the alleged robbery.

We conclude that no fact issue is raised. The stipulation states that the police "arrested the Plaintiff upon the accusations of Defendant Mrs. Perry, but that she played no active role in the arrest and detention of Plaintiff." An inference from these facts that Mrs. Perry requested or directed the arrest would be only a "surmise or suspicion," and, consequently, insufficient to raise a fact issue as to whether the defendant requested or directed the arrest. *Joske v. Irvine, supra.* According to the stipulation, Mrs. Perry did nothing more than to exercise a citizen's privilege to report an alleged crime and identify the supposed offender. If the police acted without legal authority, neither Mrs. Perry nor her employer can be held responsible. *Central Motor Co. v. Roberson,* 154 S.W.2d 180, 183 (Tex.Civ.App.—Fort Worth 1941), *affirmed sub nom., Burton v. Roberson,* 139 Tex. 562, 164 S.W.2d 524 (1942). If the accusation was made with malice and without probable cause, and plaintiff was finally acquitted of the charge, he might have had ground for an action for malicious prosecution, but that question is not before us. We hold that the facts stipulated establish as a matter of law that plaintiff is not entitled to recover in this action for false imprisonment.

Affirmed.