Craig S. MUELLER, Appellant,

v.

ALLIED ADDICKS BANK et
al., Appellees.

No. 07–89–0068–CV.

Court of Appeals of Texas,
Amarillo.

Feb. 28, 1990.

Rehearing Overruled March 28, 1990.

Robert L. Sharp, Jr., Wayne Harpold, Jr., Houston, for appellant.

Tudzin & Tobor, Mark A. Sanders, Houston, for appellees.

Before DODSON, BOYD and POFF, JJ.

BOYD, Justice.

Appellant Craig S. Mueller brings this appeal from a summary judgment in favor of appellees First Interstate Bank of Texas, N.A., as successor in interest to Allied Addicks Bank (Bank), Gerald W. Mangum (Mangum), as well as Mark S. Haag (Haag), who is not a party to this appeal. In seven points, appellant says the trial court erred (1) in granting a final summary judgment in favor of Haag in that Haag had never moved for summary judgment; (2) in granting a final summary judgment with respect to the causes of action of appellant against Haag in that such causes of action were not specifically considered by the trial court; (3) alternatively, in granting summary judgment on evidence offered by the affidavits of appellee Mangum and Ben Collins; (4) alternatively, in granting summary judgment for appellees on evidence that the earnest money contract is merely an offer to purchase; (5) alternatively, in granting summary judgment for appellees on evidence in the form of deposition testimony inasmuch as the depositions were not filed with the trial court and are not before this court for

appeal; (6) alternatively, in granting summary judgment for appellees in that there are genuine issues of fact as to whether a valid and enforceable earnest money contract existed between appellee Bank and appellant; and (7) alternatively, in granting summary judgment for appellees in that a genuine issue of fact exists regarding appellant's causes of action sounding in deceptive trade practices, misrepresentation, and lack of good faith and fair dealing. We reverse and remand.

A proper discussion of this appeal requires us to briefly refer to the procedural history of this case. Although the record does not contain appellant's first amended petition, it is uncontroverted that at that point only the Bank and Mangum were parties defendant. It is also uncontroverted in that instrument, that appellant sought specific performance for the conveyance of certain real property located in Waller County by virtue of an instrument which he alleged to be a valid and binding earnest money contract. The contract was negotiated with the Bank through Mangum as the Bank's agent. Appellant also sought damages for alleged deceptive trade practices and breach of fiduciary duty.

To this petition, appellees filed their second amended answer. In that answer, they alleged (1) the document in question was nothing more than an unaccepted offer to purchase real estate, (2) by a provision in the addendum to the instrument, the parties' sole remedy was a refund of the earnest money, (3) as provided in the addendum, there was an unfulfilled condition precedent to the creation of a contractual obligation under the document in that the proffered deal had never been accepted by Allied Bancshares, Inc., and lastly, (4) the document was without consideration or the consideration had failed in whole or in part.

On October 27, 1988, referring to appellant's first amended petition, appellees filed the motion for summary judgment ultimately granted by the trial court. That motion was supported by the affidavits of

Mangum and of Ben Collins, a senior vice president of the Bank. Attached as exhibits were excerpts of deposition testimony from appellant and from appellant's father, Carl G. Mueller, Jr., who is a board certified residential and commercial real estate specialist. Also attached was a copy of the document and addendum relied upon by appellant as his contract. The thrust of the motion for summary judgment was (1) that the document in question was nothing more than an unaccepted offer to purchase real estate, (2) because the parties waived all remedies as to enforcement, it could not be a binding contract, and (3) the instrument contained a written condition precedent (acceptance by Allied Bancshares, Inc.) which was never fulfilled. Appellees also contended that "no issue of fact exists relative to Mueller's contention that the Bank somehow misled him as to the meaning of the subject Addendum, or the operation and effect of the waiver and/or condition precedent contained therein." They also asserted that appellant, by deposition testimony, "established that there are no facts to support his Deceptive Trade Act ("DTPA") and fraud claims."

Subsequent to the filing, but prior to the granting, of the motion, appellant filed his second amended petition. That instrument is shown in the record. In it, appellant sought recovery of damages from the Bank and Mangum for misrepresentations, for breach of a duty of good faith and fair dealing, for real estate fraud, and for violation of the Deceptive Trade Practices–Consumer Protection Act (DTPA), Texas Business and Commerce Code Annotated § 17.41 et seq. (Vernon 1987).[1] He also, for the first time, added Haag (the individual who had purchased the property in question from the Bank) as a party defendant. He sought recovery from Haag for malicious interference in allegedly preventing the ultimate consummation of the sale between the Bank and appellant.

In his response to the summary judgment motion and in addition to objections to

---

1. Later references to section numbers are to those sections of Tex.Bus. & Com.Code Ann. (Vernon 1987).

the affidavits supporting the motion, appellant argued as a matter of law that he was not precluded from recovering against the Bank and Mangum on his causes of action founded in deceptive trade practices; and the motion "fails to properly dispose of the causes of action asserted against all defendants as pled." He also asserted that fact issues existed (1) as to the construction placed upon the instrument in question, (2) whether appellant prepared the instrument, (3) whether the document was a valid, binding, and enforceable contract for the purchase and sale of the property, and (4) whether the instrument lacked mutuality in failing to provide a remedy for the parties. To his response he attached a copy of the alleged contract and addendum identical to the copy attached to appellees' motion for summary judgment. Appellant also attached his affidavit and excerpts from depositions of his father, Carl G. Mueller, Jr., and Mangum.

After a hearing, the trial court entered the summary judgment giving rise to this appeal decreeing that appellant take nothing by his suit.

Because it is dispositive of this appeal, we will directly consider appellant's seventh point. Reiterated, in that point he argues that a genuine issue of fact exists regarding his causes of action sounding in deceptive trade practices, misrepresentation, and lack of good faith and fair dealing.

■ This appeal must be resolved within the framework of settled principles of summary judgment law. A movant earns a summary judgment by establishing (1) the absence of genuine issues of material fact, and (2) the right to judgment under those undisputed material facts, as a matter of law, on grounds expressly stated in the motion. Tex.R.Civ.Pro. 166a(c); *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). The movant, against whom all doubts are resolved, has the burden of establishing both elements, *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979), and, when the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of

law, succeed upon any theory pled. *Peirce v. Sheldon Petroleum Co.*, 589 S.W.2d 849, 852 (Tex.Civ.App.—Amarillo 1979, no writ). Thus, the defendant can prevail by conclusively establishing against the plaintiff at least one factual element of each theory pled by the plaintiff, *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970), or by conclusively establishing every factual element of an affirmative defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972).

■ The essence of appellant's argument under this point is that even assuming the contract was not enforceable against the Bank, the failure to consummate such a real estate transaction does not preclude pursuance of the causes of action we consider here. In support of that position, he places primary reliance upon *Ridco, Inc. v. Sexton*, 623 S.W.2d 792 (Tex. App.—Fort Worth 1981, no writ). In that case, the prospective purchaser of a town house, who had actually entered into a contract to purchase it, sued the seller for recision of the contract and sought damages for fraud and misrepresentation under the DTPA. In seeking to reverse an adverse trial court judgment, the seller argued the buyer could not be an eligible consumer under the DTPA because the contract had never been consummated. Citing this court's decision in *Anderson v. Havins*, 595 S.W.2d 147 (Tex.Civ.App.— Amarillo 1980, writ dism'd), the *Ridco* court rejected that contention.

In reply to appellant's proposition, appellees assert the summary judgment evidence in this case is completely devoid of facts that would support any cause of action under the DTPA for misrepresentation and lack of good faith and fair dealing. They seek to distinguish the *Ridco* case by emphasizing the undisputed fact that, in that case, the parties had entered into a purchase contract. Here, they argue, the parties had not entered into a valid contract. Therefore, they reason, to say that such a recovery might be possible would be to hold that a mere rejection of an offer to purchase real estate, or the principal's non-acceptance of such an offer solicited by its

agent, constitutes a false, misleading or deceptive act or practice, and would be an erroneous interpretation of the DTPA.

In *Anderson v. Havins, supra,* this court had occasion to make a rather detailed explication of the application of the DTPA to real estate transactions. We pointed out that section 17.50 of the Act provides that a consumer, as defined in section 17.45, may maintain an action under section 17.46 if that consumer has been adversely affected by any of the false, misleading or deceptive acts or practices declared unlawful in that section. One of those acts or practices is a representation that an agreement confers or involves rights when it does not do so. The definition of consumer in the Act includes an individual who seeks any "goods", and the definition of "goods" in the Act includes real property purchased for use. We also pointed out that under 17.45(6), the "trade" and "commerce" that is the focal point of the deceptive practices defined under section 17.46, includes the advertising or offering for sale of any real property. With the comment that a literal and isolated reading of section 17.45(1) might arguably lend weight to a proposition that the Act did not apply to unconsummated real estate transactions, we concluded that a reading of the Act as a whole made it obvious that a real estate purchase need not be completed in order for the Act to apply. *Anderson v. Havins,* 595 S.W.2d at 155–156.

We do not agree that the question for our decision under this point is whether appellees are subject to liability for a mere rejection of an offer to purchase real estate or for a principal's non-acceptance of an offer solicited by its agent. It is rather, whether the summary judgment evidence establishes as a matter of law that appellant could not recover on any theory of liability for misrepresentations made in the course of the instant negotiations, and that no fact question exists as to whether actionable misrepresentations were made.

In a relevant portion of appellant's affidavit supporting his response to appellees' motion for summary judgment, appellant swore:

I reviewed the Bank Contract and, at Mangum's request, came to the Bank on September 16, 1986. At this time, further changes were made in the Bank Contract. Mangum further modified the first page thereof and added Paragraphs 6 and 7 to the Addendum. Once these final modifications were made to the Bank Contract for purchase and sale of the property, Mangum and I initialed the final handwritten changes and additions, signed and dated the document ("Final and Binding Earnest Money Contract"), a true and correct copy of which is attached as Exhibit "B" and incorporated herein for all purposes. I then tendered, and the Bank through Mangum accepted, the $500 earnest money. Mangum told me that it was a done deal, or words to that effect.

Mangum denies making any such statement as that attributed to him by appellant. However, for the purpose of this summary judgment appeal, we are required to resolve all doubts in favor of appellant. Moreover, it is undisputed that Mangum was acting as the Bank's agent in the transaction.

Viewed in the light in which we must view it, Mangum's statement that "it was a done deal or words to that effect," coupled with the surrounding circumstances and Mangum's denial of any such statement, is sufficient to show a fact question exists as to whether such a statement was made, and if so, whether it constituted a misrepresentation upon which appellant was entitled to, and did, rely to his detriment.

We must, therefore, sustain appellant's seventh point. Since that sustention requires us to reverse the trial court judgment, discussion of the remainder of appellant's points is obviated.

The judgment of the trial court is reversed and the cause remanded.

## ON MOTION FOR REHEARING

In their motion for rehearing, appellees say the summary judgment does not support our statement in our original opinion that Mangum denied having told appellant there was a "done deal or words to that

effect." In Mangum's affidavit supporting appellees' motion, he states "[I] never told Mueller that there was a binding or enforceable contract between him and the Bank."

We have carefully considered appellees' motion for rehearing and remain convinced that our original disposition was correct. Accordingly, appellees' motion for rehearing is overruled.