Martin **RODRIGUEZ**, Appellant,

v.

**WAL–MART STORES, INC.,** Appellee.

No. 04–00–00728–CV.

Court of Appeals of Texas, San Antonio.

May 30, 2001.

A.J. Hohman, Jr., John G. Gehring, Hohman, Georges and Gehring, L.L.P., San Antonio, for Appellant.

Kevin D. Jewell, Steven J. Knight, Magenheim Bateman & Helfand, Houston, Robert J. Perez, Shelton & Valadez, P.C., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF and CATHERINE STONE, Justices.

Opinion by: PHIL HARDBERGER, Chief Justice.

Martin Rodriguez ("Rodriguez") appeals a summary judgment granted in favor of Wal–Mart Stores, Inc. ("Wal–Mart"). Rodriguez presents seven issues in his brief, asserting: (1) genuine issues of material fact were raised with regard to his claims for malicious prosecution, unlawful arrest/false imprisonment, negligence/gross negligence, libel, and invasion of privacy; (2) the trial court erroneously overruled his objections to two affidavits; and (3) Wal–Mart's reply was untimely filed and should not have been considered. We reverse the trial court's judgment as to Rodriguez's claim for unlawful arrest/false

imprisonment, and we remand that claim back to the trial court for trial. We affirm the remainder of the trial court's judgment.

## BACKGROUND

While employed by R & C Enterprises ("R & C"), Rodriguez went to Wal–Mart to purchase supplies. Because Rodriguez was the first person to use an R & C check at Wal–Mart, the check identification system prompted the Wal–Mart employee to request identification, and the employee entered Rodriguez's driver's license number into the check identification system. The system would thereafter approve R & C's checks without prompting the Wal–Mart employee for identification, and Rodriguez's driver's license automatically would be printed on the back of any R & C checks that were accepted by Wal–Mart.

In July of 1998, after Rodriguez ceased to be employed by R & C, Rex Long ("Long") used an R & C check to pay for merchandise at Wal–Mart. The check was accepted contrary to two store policies. First, if a signature is not legible, the cashier is required to print the name below the signature. Long's signature was not legible; however, no name was printed on the check. Second, because the check exceeded $100, store policy required the cashier to check Long's personal identification and obtain a service manager's approval. Long's identification was not written on the check.

The check was returned to Wal–Mart for insufficient funds. Wal–Mart phoned R & C's business number and sent three letters to R & C's business address. The third letter, which was sent certified mail, was returned to Wal–Mart as undeliverable because the forwarding order had expired. Wal–Mart completed a complaint form and turned the check over to the district attorney. The complaint form listed R & C as the maker, but also included Rodriguez's driver's license number.

Several months after Long wrote the hot check, Rodriguez was arrested at a public park around noon on Saturday, February 13, 1999. He was charged with theft by check, handcuffed and taken to the Hays County jail where he remained for the next 31 hours until his family made bail. Rodriguez was entirely innocent. The following Monday, Rodriguez went to the district attorney's office and informed them that he did not sign the check and was not employed by R & C when the check was signed. An assistant district attorney contacted Long, who admitted that he had signed the check. The charges against Rodriguez were dismissed. In addition to paying the fees necessary to bond out of jail, Rodriguez alleged that the charges against him caused him to lose his job and also caused a bank to refuse to open a checking account in his name.

The trial court granted summary judgment in Wal–Mart's favor as to each of the causes of action alleged against it except a claim for unfair debt collection, which Rodriguez subsequently nonsuited. Rodriguez timely filed this appeal.

## STANDARD OF REVIEW

The motion for summary judgment requests summary judgment under both traditional summary judgment standards and no evidence summary judgment standards. Under traditional summary judgment standards, a party moving for summary judgment has the burden of establishing as a matter of law that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's cause of action. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). If the defendant meets this burden, the plaintiff must then raise a

genuine issue of material fact on that element. *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex.App.—Corpus Christi 1991, writ denied). In reviewing a summary judgment, an appellate court accepts as true all evidence supporting the non-movant. *Nixon*, 690 S.W.2d at 549. All inferences are indulged in favor of the non-movant, and all doubts are resolved in his favor. *Id.*

We apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.—San Antonio 1998, pet. denied). We look at the evidence in the light most favorable to the respondent against whom the summary judgment was rendered, disregarding all contrary evidence and inferences. *Moore*, 981 S.W.2d at 269. A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Id.* More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.*

UNLAWFUL ARREST/FALSE IMPRISONMENT

■ Wal–Mart's motion for summary judgment asserted that Wal–Mart was not liable for Rodriguez's unlawful arrest and false imprisonment claims as a matter of law because Wal–Mart did not direct or instruct the district attorney to pursue Rodriguez. Alternatively, Wal–Mart contended that Rodriguez has no evidence to establish that Wal–Mart directed or instructed the district attorney's office.

■ The essential elements of a claim of false imprisonment are: (1) willful detention; (2) without consent; and (3) without authority of law. *See Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex.1985) (per curiam); *Wal–Mart Stores, Inc. v. Odem*, 929 S.W.2d 513, 519 (Tex. App.—San Antonio 1996, writ denied). Generally, liability may extend to anyone who directs, requests, or participates in a detention, including the detention of a private citizen whom the defendant identifies as the perpetrator of a crime. *Smith v. Sneed*, 938 S.W.2d 181, 185 (Tex.App.—Austin 1997, no writ); *Bossin v. Towber*, 894 S.W.2d 25, 29 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Texas courts have held that no liability for false imprisonment can be imposed on a party who merely reports facts to the authorities, and then the authorities determine to detain someone based on those facts. *Bossin v. Towber*, 894 S.W.2d at 31. However, the lack of full disclosure or misrepresenting the facts to authorities may result in liability. *Id.* at 32; *Leon's Shoe Stores, Inc. v. Hornsby*, 306 S.W.2d 402, 410 (Tex. Civ.App.—Waco 1957, no writ). In *Hornsby*, a store was held liable for false imprisonment when an employee's lack of full disclosure of facts disproving that an offense had been committed by the plaintiff led to the plaintiff's false arrest and imprisonment. 306 S.W.2d at 410.

In this case, Rodriguez introduced evidence that Wal–Mart knew that its check identification system could provide an erroneous driver's license number in relation to a company check. By fully disclosing the facts, Wal–Mart would have provided the district attorney with information that could have disproved that Rodriguez had committed an offense. By failing to disclose this information, a fact issue arises as to whether Wal–Mart misrepresented the facts by misleading the district attorney's office into believing the driver's license

listed on the complaint form identified the individual who committed the offense. *See Mueller v. Allied Addicks Bank,* 787 S.W.2d 447, 450 (Tex.App.—Amarillo 1990, writ denied) (whether statements constitute misrepresentations is question of fact); COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 105.2 (1998) (setting forth jury charge requiring jury to determine if statements constituted a material misrepresentation).

Wal–Mart relies on *Harrison v. Southland Corp.,* 544 S.W.2d 692 (Tex.Civ. App.—Dallas 1976, no writ), to support its contention that it cannot be liable because it did not direct Rodriguez's arrest. However, the court in *Harrison* did not discuss what effect a lack of full disclosure or a misrepresentation would have had on the plaintiff's false imprisonment claim. In this case, the focus of Rodriguez's complaint is Wal–Mart's lack of full disclosure, which may result in liability. *Bossin,* 894 S.W.2d at 31; *Hornsby,* 306 S.W.2d at 410.

The trial court erred in granting summary judgment as to Rodriguez's unlawful arrest/false imprisonment claim.

### MALICIOUS PROSECUTION

 In order to prevail in a malicious prosecution case, the following elements must be established: (1) a criminal prosecution was commenced against the plaintiff; (2) the prosecution was initiated or procured by the defendant; (3) the prosecution terminated in favor of the plaintiff; (4) the plaintiff was innocent; (5) the defendant lacked probable cause to instigate the prosecution; (6) the defendant acted with malice in bringing about the prosecution; and (7) the plaintiff suffered damages as a result of the prosecution. *Browning–Ferris Indus., Inc. v. Lieck,* 881 S.W.2d 288, 292–93 (Tex.1994); *Thrift v. Hubbard,* 974 S.W.2d 70, 77 (Tex.App.—

San Antonio 1998, pet. denied). In cases of malicious prosecution, a delicate balance must be struck between the interest of society in the good faith reporting of suspect criminal conduct and the interest of the individual in freedom from unjustifiable and oppressive litigation of criminal charges. *Lieck,* 881 S.W.2d at 290; *Thrift,* 974 S.W.2d at 77. These interests are balanced by carefully defining the elements of an action for malicious prosecution and by strictly adhering to those elements. *Lieck,* 881 S.W.2d at 291.

Courts frequently state that actions for malicious prosecution are not favored in the law. *Id.* "This aphorism is far too vague to serve as an analytical tool." *Id.* As with any other cause of action, if the elements are proved, liability is established. *Lieck,* 881 S.W.2d at 291; *Thrift,* 974 S.W.2d at 77. "What is distinctive about malicious prosecution is there is little room for error in applying the law. Even a small departure from the exact prerequisites for liability may threaten the delicate balance between protecting against wrongful prosecution and encouraging the reporting of criminal conduct." *Lieck,* 881 S.W.2d at 291.

In its motion for summary judgment, Wal–Mart asserted that it was entitled to summary judgment under traditional standards because no genuine issue of material fact existed with regard to the malice and causation elements of Rodriguez's claim. Wal–Mart further asserted that it was entitled to summary judgment because Rodriguez had presented no evidence that Wal–Mart acted with malice.

 Wal–Mart would only have "caused" the criminal proceedings if it initiated or procured the criminal prosecution. A person initiates a criminal prosecution if he files formal charges against the plaintiff. *Lieck,* 881 S.W.2d at 292. A

person procures a criminal prosecution if his actions are enough to cause the prosecution, and but for his actions, the prosecution would not have occurred. *Thrift,* 974 S.W.2d at 77. A person does not procure a criminal prosecution when the decision whether to prosecute is left to the discretion of another, including a law enforcement official or the grand jury, unless the person provides information which he knows is false. *Id.* "[A] person who provides information which he believes is true but is in fact false is not liable when the prosecutor relies upon his own discretion in deciding whether to prosecute." *Lieck,* 881 S.W.2d at 294.

Wal–Mart relied on the information in its system in completing the complaint form. No evidence was presented to show that Wal–Mart knew the information it provided was false. Therefore, Wal–Mart is not liable for the false information if the prosecutor relied upon his own discretion in deciding whether to prosecute. Rodriguez argues that the district attorney did not exercise its own discretion because two Wal–Mart employees testified at their depositions that they "directed" the district attorney through the information Wal–Mart provided the district attorney's office. Although the Wal–Mart employees claimed to have "directed" the district attorney by providing the information, the information that was provided did not direct the district attorney in the exercise of its prosecutorial discretion. The decision to prosecute was left to the district attorney. The trial court properly granted summary judgment as to Rodriguez's malicious prosecution claim.

### NEGLIGENCE/GROSS NEGLIGENCE

■ With regard to Rodriguez's claims for negligence and gross negligence, Wal–Mart asserted that it owed no duty to Rodriguez to convey information to the district attorney that it did not know; therefore, Wal–Mart is not liable as a matter of law. Alternatively, Wal–Mart contended that Rodriguez's claims for negligence and gross negligence fail because such actions cannot exist independent from the malicious prosecution claim.

We agree that under the facts of this case Rodriguez's negligence and gross negligence claims cannot exist independent from the malicious prosecution claim. "To hold, as [Rodriguez] would have us do, that [Wal–Mart's] negligence is actionable would in substance convert the tort of malicious prosecution to one of negligent prosecution. We therefore decline to hold that a duty exists outside the torts of malicious prosecution and defamation not to falsely accuse someone of criminal wrongdoing." *Smith v. Sneed,* 938 S.W.2d at 185; *see also ITT Consumer Fin. Corp. v. Tovar,* 932 S.W.2d 147, 155–56 (Tex. App.—El Paso 1996, writ denied) (citing numerous cases as support).

### LIBEL

■ With regard to Rodriguez's libel claim, Wal–Mart's motion for summary judgment stated that it was not liable as a matter of law because its acts were protected by a qualified privilege. Alternatively, Wal–Mart argued that Rodriguez had no evidence that Wal–Mart knew the information it sent to the district attorney was false or sent the information with reckless disregard for whether it was false. Wal–Mart also argued that it never made any mention of Rodriguez in the information that was provided.

■ To maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a false statement about the plaintiff; (2) that was defamatory; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if

the plaintiff was a private individual, regarding the truth of the statement. *See Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989). Generally, a conditional or qualified privilege applies to communications made in good faith on any subject matter in which the author has an interest or with reference to which he has a duty to perform to another person having a corresponding interest or duty. *East Texas Medical Center Cancer Inst. v. Anderson,* 991 S.W.2d 55, 60 (Tex.App.—Tyler 1998, pet. denied). A qualified privilege applies to the communication of an alleged wrongful act to an official authorized to protect the public from such acts. *Zarate v. Cortinas,* 553 S.W.2d 652, 655 (Tex.Civ.App.— Corpus Christi 1977, no writ). Whether a conditional or qualified privilege exists is a question of law for the court. *Anderson,* 991 S.W.2d at 60.

Where an action is based on a conditionally or qualifiedly privileged communication or statement, the plaintiff must prove that the defendant's statements were actuated, inspired, or colored by actual or express malice, existing at the time of publication or by some evil motive or bad faith. *Id.; Zarate,* 553 S.W.2d at 655. In this context, actual malice is not ill will; it is the making of a statement with knowledge that it is false, or with reckless disregard of whether it is true. *Carr v. Brasher,* 776 S.W.2d at 571. "Reckless disregard" is defined as a high degree of awareness of probable falsity, for proof of which the plaintiff must present sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication. *Id.* When a privileged statement is made without malice, the effect of the privilege is to justify the communication. *Anderson,* 991 S.W.2d at 60.

We hold that Wal–Mart's statements in providing information to the district attorney regarding the NSF check were qualifiedly privileged. Because Wal–Mart moved for summary judgment based on "no evidence" grounds as to the element of malice, Rodriguez was required to introduce a scintilla of evidence to show that Wal–Mart acted with malice. Both Stephens and Yancy testified in their depositions that they did not know Rodriguez and turned the check over for collection in accordance with Wal–Mart's policy. Although there was evidence that Stephens and Yancy were aware of the potential for misidentification in Wal–Mart's check identification system, Rodriguez was unable to present any evidence that a Wal–Mart employee knew that Rodriguez did not sign the check or that a Wal–Mart employee entertained serious doubts as to the information provided to the district attorney's office.

## INVASION OF PRIVACY

Wal–Mart alleged that it was entitled to summary judgment as to Rodriguez's invasion of privacy complaint as a matter of law because it had a right to provide the information to the district attorney. Wal–Mart further alleged that Rodriguez had no evidence that Wal–Mart acted unreasonably or even referenced Rodriguez in the information it provided.

Under Texas law, a common-law right to privacy exists. *Billings v. Atkinson,* 489 S.W.2d 858, 859 (Tex.1973); *Household Credit Services, Inc. v. Driscol,* 989 S.W.2d 72, 84 (Tex.App.—El Paso 1998, pet. denied). The three elements that must be established for an invasion of privacy claim are: (1) an intentional intrusion; (2) upon the seclusion, solitude, or private affairs of another; (3) which would be highly offensive to a reasonable person. *Valenzuela v. Aquino,* 853 S.W.2d 512, 513 (Tex.1993); *Driscol,* 989 S.W.2d at 84.

Both Stephens and Yancy state in their affidavits that Wal–Mart's policy is to hand over checks returned due to insufficient funds to the district attorney's office. At that time, Wal–Mart has no further involvement in the investigation of the claim. Although Rodriguez introduced evidence that Wal Mart is aware of the possibility of misidentification given the use of only a single identification number for business checks, this possibility is not sufficient evidence that Wal–Mart's actions would be highly offensive to a reasonable person.

### CHALLENGES TO AFFIDAVITS

▪ Rodriguez contends that the trial court erred in overruling his objections to the affidavits of Stephens and Yancy. Wal–Mart counters that Rodriguez waived his objections by failing to obtain a ruling and, alternatively, that the affidavits were competent summary judgment evidence.

▪ A summary judgment is reviewed based on the written record, and if rulings on objections are not reduced to writing, *no written record of the ruling exists to review. See Well Solutions, Inc. v. Stafford,* 32 S.W.3d 313, 317 (Tex.App.—San Antonio 2000, no pet.) (trial court's ruling on objection to summary judgment evidence is not implicit in its ruling on the motion for summary judgment); *718 Associates, Ltd. v. Sunwest N.O.P., Inc.,* 1 S.W.3d 355, 365–66 (Tex.App.—Waco 1999, pet. denied) (error waived absent order determining objection); *Cain v. Rust Indus. Cleaning Servs., Inc.,* 969 S.W.2d 464, 466 (Tex.App.—Texarkana 1998, pet. denied) (error waived where reporter's record only reflected trial court's intent to rule at a later date but record did not contain a specific ruling on objection). In this case, the trial judge did not enter a written ruling on the objections. During the hearing, the trial judge stated: "I don't know what I'm going to do about the objections. I'll read the whole thing and make a ruling." Based on existing precedent, Rodriguez's objections were waived.

▪ With regard to the merits of the objections, Rodriguez asserts that the affidavits contain hearsay because Stephens and Yancy sought to testify as to the inner workings of the district attorney's office. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. The affidavits do not reference any statement made by someone in the district attorney's office; therefore, the statements contained in the affidavits are not hearsay. Furthermore, the affidavits do not purport to describe the inner workings of the district attorney's office, but the interaction between Wal–Mart and the district attorney's office. Since Stephens and Yancy were responsible for dealing with the district attorney's office on behalf of Wal–Mart, they would have knowledge of this interaction.

▪ Rodriguez's other complaint appears to be that the affidavits were conclusory because they were incomplete. A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Dolcefino v. Randolph,* 19 S.W.3d 906, 930 (Tex.App.—Houston [14th Dist.] 2000, pet. denied). In this case, the affidavits of Stephens and Yancy contain factual statements regarding the interaction between Wal–Mart and the district attorney's office after checks have been handed over for collection. Although the affidavits do not reference the complaint form completed by Wal–Mart when it hands the checks over, the absence of this factual statement does not make the statements contained in the affidavit conclusory or untrue.

824

## REPLY TO SUMMARY JUDGMENT RESPONSE

■ In its final issue, Rodriguez contends that the trial court erred in considering Wal–Mart's reply because it was not timely filed. Wal–Mart responds that the rules do not impose a time limit on the filing of the response.

In ruling on Rodriguez's motion, the trial court stated:

THE COURT: Okay. The ruling is that if all it does is call to my attention additional cases and so forth that are not in the motion itself, it seems to me that's the kind of thing that can be done orally here, and you don't have to give even a minute's notice of what you're going to argue in terms of the law.

And so if it brings authorities—legal authorities to my attention that weren't brought out otherwise, I can well read those authorities. I think I can probably look up the law and read it myself and not even tell ya'll what I'm reading. You're suppose to assume that the law is all out there.

On the other hand, to the extent that this reply to the reply, which I haven't seen yet, tries to bring in evidence or something like that, it would certainly be improper, and it won't be considered for that purpose. And, frankly, since we haven't found it here in the District Clerk's Office, I don't think I have a copy of it, do I?

At least one court has stated that rule 166a(c) does not set forth a deadline for the filing of a reply. *See Knapp v. Eppright*, 783 S.W.2d 293, 296 (Tex.App.—Houston [14th Dist.] 1989, no writ). Even assuming, however, that the trial court erred in partially denying the objection to the consideration of that portion of the reply that simply provided additional legal authority, Rodriguez cannot show that he was harmed by this ruling. TEX.R.APP. P. 44.1(a).

## CONCLUSION

The trial court's judgment as to Rodriguez's unlawful arrest/false imprisonment claim is reversed, and that claim is remanded to the trial court for trial. The remainder of the trial court's judgment is affirmed.

Justice RICKHOFF concurring and dissenting.

RICKHOFF, Justice, concurring and dissenting.

Wal–Mart's check identification protection system was defective in that it carried Rodriguez's driver's license number forward on subsequent company checks tendered by another company employee who, like Rodriguez, also signed company checks. One of the checks signed by another company employee after Rodriguez left the company was returned for insufficient funds. After the usual follow-up letters requesting that the check should be honored went unanswered, this check was sent to the district attorney for collection. Because it wrongly carried Rodriguez's driver's license number, Rodriguez suffered the not insignificant indignities that accompany an undeserved arrest.

The majority relies on *Leon's Shoe Stores, Inc. v. Hornsby*, 306 S.W.2d 402 (Tex.Civ.App.—Waco 1957, no writ). However, Hornsby was in a small store where she was known, and was arrested at the direction of the store despite an employee's knowledge that Hornsby was the owner of the account she was seeking to use. In this case, Wal–Mart supplied the district attorney with an uncollected check that bore the driver's license of an individual who had previously purchased merchandise with a company check. At that point, Wal–Mart left the decision of whether charges should be brought to the prose-

cutors and police. I would hold Wal–Mart played an insufficient role in procuring Rodriguez's arrest, and I would caution that proprietors should not be required to play a greater role. *See Harrison v. Southland Corp.*, 544 S.W.2d 692, 694 (Tex.Civ.App.—Dallas 1976, no writ). Accordingly, I dissent to the court's decision that the trial court erred in granting summary judgment as to Rodriguez's unlawful arrest/false imprisonment claim. I concur with the remainder of the court's opinion.