ACCEPTED
03-15-00064-CV
4967054
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/21/2015 11:11:07 AM
JEFFREY D. KYLE
CLERK

NO. 03-15-00064-CV

---

IN THE COURT OF APPEALS FOR THE
THIRD DISTRICT OF TEXAS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/21/2015 11:11:07 AM
JEFFREY D. KYLE
Clerk

---

ELITE AUTO BODY LLC d/b/a PRECISION AUTO BODY, REY R.
HERNANDEZ, YESICA DIAZ, AND DAVID DAMIAN,
*Appellants*

V.

AUTOCRAFT BODYWERKS, INC.
*Appellee*

---

ON APPEAL FROM THE 345th JUDICIAL DISTRICT COURT
TRAVIS COUNTY, TEXAS
TRIAL COURT CAUSE NO. D-1-GN-14-004535
HONORABLE TIM SULAK, PRESIDING JUDGE

---

BRIEF OF APPELLEE

---

James G. Ruiz
State Bar No. 17385860
jruiz@winstead.com
**WINSTEAD PC**
401 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 370-2800
(512) 370-2850 (facsimile)

**ATTORNEYS FOR APPELLEE**

**ORAL ARGUMENT REQUESTED**

i

# IDENTITIES OF PARTIES AND COUNSEL

The following is a complete list of the names of all parties affected by the trial court's Order Denying Defendants' Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code and their trial and appellate counsel:

**APPELLANTS:**
Elite Auto Body, LLC d/b/a Precision Auto Body, Rey R. Hernandez, Yesica Diaz, and David Damian

**TRIAL & APPELLATE COUNSEL:**

Rick Harrison
Sam King
Dale L. Roberts
FRITZ, BYRNE, HEAD & HARRISON, PLLC
98 San Jacinto Blvd., Suite 2000
Austin, Texas 78701
(512) 476-2020
(512) 477-5267-Fax

**APPELLEE:**
Autocraft Bodywerks, Inc.

**TRIAL & APPELLATE COUNSEL:**

James G. Ruiz
Jacylyn G. Austein
WINSTEAD PC
401 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 370-2800
(512) 370-2850 -Fax

## STATEMENT REQUESTING ORAL ARGUMENT

Appellee herein requests the Court grant oral argument on the appeal of this matter.

# STATEMENT OF THE CASE

*Nature of the Case*: Autocraft Bodywerks, Inc. brought suit against Appellants for misappropriation of trade secrets, violation of Chapter 134A of the Texas Civil Practice & Remedies Code, unfair competition, breach of fiduciary duty, and civil conspiracy arising out of David Damian's wrongful disclosure and use of Autocraft's confidential business and trade secret information after the termination of employment to provide his new employer, Precision Auto, an unfair advantage in the marketplace. In the present action, Autocraft seeks to enjoin any future improper disclosure and use by Appellants of its confidential business information and trade secrets. Appellants sought to dismiss the suit under § 27.003 of the Texas Civil Practice & Remedies Code asserting that Autocraft's action attempts to interfere in their right to free speech and free association. The trial court denied Appellants' motion to dismiss.

*Trial Court*: The Honorable Tim Sulak, Presiding Judge for the 345th Judicial District Court of Travis County, Texas.

*Trial Court Disposition*: The trial court entered its Order Denying Defendants' Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code.

*Parties in the Court of Appeals*: Appellants – Elite Auto Body, LLC d/b/a Precision Auto Body, Rey R. Hernandez, Yesica Diaz, and David Damian

Appellee – Autocraft Bodywerks, Inc.

iv

# TABLE OF CONTENTS

Page

IDENTITIES OF PARTIES AND COUNSEL ......................................................... II

STATEMENT REQUESTING ORAL ARGUMENT ............................................ III

STATEMENT OF THE CASE ............................................................................. IV

BRIEF OF APPELLEE ......................................................................................... 1

ISSUES PRESENTED ........................................................................................... 2

STATEMENT OF FACTS ..................................................................................... 3

SUMMARY OF ARGUMENT .............................................................................. 5

ARGUMENT .......................................................................................................... 7

I.      STANDARD OF REVIEW ......................................................................... 7

II.     TRIAL COURT CORRECTLY DENIED APPELLANTS' MOTION
        TO DISMISS UNDER CHAPTER 27 OF THE TEXAS PRACTICE &
        REMEDIES CODE BECAUSE APPELLANTS FAILED TO MEET
        THEIR BURDEN OF PROOF ....................................................................... 8

        A.      AUTOCRAFT'S MISAPPROPRIATION OF TRADE
                SECRETS, UNFAIR COMPETITION, AND BREACH OF
                FIDUCIARY DUTY CLAIMS DO NOT IMPLICATE THE
                TCPA ................................................................................................ 8

        1.      PRIVATE SPEECH NOT PROTECTED UNDER THE TCPA ........ 10

        2.      THE TCPA DOES NOT PROTECT THE DISCLOSURE OF
                TRADE SECRETS ............................................................................ 13

        B.      EVEN IF THE TCPA WERE OTHERWISE APPLICABLE
                TO AUTOCRAFT'S TORT CLAIMS, THE COMMERCIAL
                SPEECH EXCEPTION IN §27.010(b) PREVENTS DISMISSAL ... 17

III.    EVEN ASSUMING THE TCPA APPLIES TO APPELLEE'S CLAIMS,
        AUTOCRAFT MET ITS BURDEN OF PROOF TO PREVENT
        DISMISSAL OF ITS CLAIMS ................................................................. 28

PRAYER......................................................................................................25

CERTIFICATE OF SERVICE......................................................................26

CERTIFICATE OF COMPLIANCE.............................................................27

# TABLE OF AUTHORITIES

**Page(s)**

*Am. Motors Corp. v. Huffstutler*, 575 N.E.2d 116 (Ohio 1991) ..................................... 14

*Anderson Chem. Co. v. Green*, 66 S.W.3d 434 (Tex. App.—Amarillo
    2001, no pet.) ........................................................................................... 16, 22, 23

*BBB of Metro Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345
    (Tex. App.—Houston [1st Dist.] 2013, pet. denied) .............................................. 12

*Cain v. Rust Indus. Cleaning Servs., Inc.*, 969 S.W.2d 464 (Tex.
    App.—Texarkana 1998, pet. denied) .............................................................. 24

*Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210 (Tex. App.—Houston
    [1st Dist.] 2014, no pet.) ........................................................................... 8, 12

*Cherne Indus. Inc. v. Grounds & Assocs., Inc.*, 278 N.W.2d 81
    (Minn. 1979) ..................................................................................... 14, 15

*Cohen v. Cowles Media Co.*, 501 U.S. 663 (1991) ............................................... 14

*Combined Law Enforcement Ass'n of Tex. v. Sheffield*, No. 03-13-00105-
    CV, 2014 WL 411672 (Tex. App.—Austin Jan. 31, 2014, pet. filed) ................. 12

*Computer Assoc. Intl., Inc. v. Altai, Inc.*, 918 S.W.2d 453 (Tex. 1996) .................... 22

*Coward v. Gateway Nat'l Bank*, 525 S.W.2d 857 (Tex. 1975) .............................. 19

*Dodson v. Watson*, 220 S.W. 771 (Tex. 1920) .................................................. 19

*Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749,
    105 S. Ct. 2939, 86 L. Ed. 2d 593 (1985) ....................................................... 10

*Garth v. Staktek Corp.*, 876 S.W.2d 545 (Tex. App.—Austin 1994, writ
    dism'd w.o.j.) ....................................................................................... 14

*Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011) ...................................... 19

*Hyde Corp. v. Huffines*, 158 Tex. 566, 314 S.W.2d 763 (Tex. 1958) ..................... 21

*In re Associated Indep. Marketers Inc. of Am.*, Case No. 92-4941,
    1993 U.S. App. LEXIS 41111 (5th Cir. May 10, 1993) ...................................... 21

*James v. Calkins*, 446 S.W.3d 135 (Tex. App.—Houston [1st Dist.] 2014, pet filed.) ........................................................................................................ 19

*Jardin v. Markland*, 431 S.W.3d 765 (Tex. App.—Houston [14th Dist.] 2014, no pet.) .................................................................................... 8, 10, 11, 12

*K&G Oil Tool & Serv. Co. v. G&C Fishing Tool Serv.*, 158 Tex. 594, 314 S.W.2d 782 (Tex. 1958) ............................................................................ 22

*KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ............................................................................ 8

*Lammons Gasket Co. v. Flexitallic LP*, 9 F. Supp. 3d 709, 712 (S.D. Tex. 2014) ................................................................................................................ 20

*Molinet v. Kimbrell*, 356 S.W.3d 407 (Tex. 2011) ............................................. 8

*Rivers v. Johnson Custodial Home, Inc.*, No. A-14-CA-484-SS, 2014 WL 4199540 (W.D.Tex. Aug. 22, 2014) ..................................................... 11

*Prudential Ins. Co. v. Krayer*, 366 S.W.2d 779 (Tex. 1963) ............................ 19

*Rodriguez v. Printone Color Corp.*, 982 S.W.2d 69 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ......................................................................... 19

*Rodriguez v. Wal-Mart Stores, Inc.*, 52 S.W.3d 814 (Tex. App.—San Antonio 2001), *rev'd in part on other grounds*, 92 S.W.3d 502 (Tex. 2002) .............................................................................................................. 24

*Rosales v. H.E. Butt Grocery Co.*, 905 S.W.2d 745 (Tex. App.—San Antonio 1995, writ denied) ............................................................................ 19

*Russell v. Russell*, 865 S.W.2d 929 (Tex. 1993) ............................................... 19

*Schimmel v. McGregor*, 438 S.W.3d 847 (Tex. App.—Houston [1st Dist.] 2014, pet. filed) ...................................................................................... 18, 19

*Southwestern Energy Prod. Co. v. Berry-Helfand*, 411 S.W.3d 581 (Tex. App.—Texarkana 2013, pet. filed) .............................................................. 20, 21

*Trilogy Software v. Callidus Software, Inc.*, 143 S.W.3d 452 (Tex. App.—Austin 2004, pet. denied) ...................................................................... 20

*United States v. Morison*, 844 F.2d 1057 (4th Cir. 1988) ................................. 15

*United States Sporting Prods. V. Johnny Stewart Game Calls*,
865 S.W.2d 214 (Tex. App.—Waco 1993, writ denied.) ...................................... 21

*Whisenhunt v. Lippincott*, 416 S.W.3d 689 (Tex. App.—Texarkana
2013, pet. filed) ................................................................................. 7, 10, 11, 12

**STATUTES**

Chapter 27 Of The Texas Civil Practice & Remedies Code ................................ passim

TEX. CIV. PRAC. & REM. CODE § 27.001(2) .................................................. 9, 11, 12

TEX. CIV. PRAC. & REM. CODE § 27.001(3) .......................................................... 9

TEX. CIV. PRAC. & REM CODE §§ 27.001–.011 ..................................................... 5

TEX. CIV. PRAC. & REM CODE § 27.002 ........................................................... 5, 9

TEX. CIV. PRAC. & REM CODE. § 27.003 ........................................................... 6, 7

TEX. CIV. PRAC. & REM. CODE § 27.003(a) .......................................................... 7

TEX. CIV. PRAC. & REM. CODE § 27.005(b) .................................................. 7, 8, 10

TEX. CIV. PRAC. & REM CODE §§ 27.005(b) and (c) ............................................. 8

TEX. CIV. PRAC. & REM. CODE § 27.006 ............................................................ 18

TEX. CIV. PRAC. & REM. CODE § 27.010(b) ............................................... 6, 17, 18

TEX. CIV. PRAC. & REM. CODE § 27.011(b) .......................................................... 9

TEX. CIV. PRAC. & REM. CODE § 51.014(b) ....................................................... 24

TEX. CIV. PRAC. & REM. CODE CHAPTER 134A ................................................. 4, 6

TEX. CIV. PRAC. & REM. CODE § 134A.002, .................................................... 20

TEX. CIV. PRAC. & REM. CODE § 134A.003, .................................................... 15

TEX. GOV'T CODE § 311.011(b) ...................................................................... 19

Texas Uniform Trade Secrets Act, §§ 134A.001-.008, TEX. CIV. PRAC. &
REM. CODE ................................................................................................ 15

NO. 03-15-00064-CV

IN THE COURT OF APPEALS FOR THE
THIRD DISTRICT OF TEXAS
AT AUSTIN, TEXAS

ELITE AUTO BODY LLC d/b/a PRECISION AUTO BODY, REY R.
HERNANDEZ, YESICA DIAZ, AND DAVID DAMIAN,
*Appellants*

V.

AUTOCRAFT BODYWERKS, INC.
*Appellee*

ON APPEAL FROM THE 345TH JUDICIAL DISTRICT COURT
TRAVIS COUNTY, TEXAS
TRIAL COURT CAUSE NO. D-1-GN-14-004535
HONORABLE TIM SULAK, PRESIDING JUDGE

BRIEF OF APPELLEE

Autocraft Bodywerks, Inc. ("Autocraft"), Appellee, submits its Brief of

Appellee in response to the Appellants' Brief filed by Elite Auto Body, LLC d/b/a

Precision Auto Body, Rey R. Hernandez, Yesica Diaz, and David Damian.

1

## ISSUES PRESENTED

1. WHETHER THE TRIAL COURT'S DENIAL OF DEFENDANTS' MOTION TO DISMISS UNDER CHAPTER 27 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE WAS APPROPRIATE BECAUSE APPELLANTS' FAILED TO MEET THEIR BURDEN OF PROOF.

2. ALTERNATIVELY, EVEN ASSUMING THE TEXAS CITIZENS PARTICIPATION ACT APPLIES TO APPELLEE'S CLAIMS, WHETHER AUTOCRAFT MET ITS BURDEN OF PROOF TO PREVENT DISMISSAL OF ITS CLAIMS.

## STATEMENT OF FACTS

Autocraft is dissatisfied with the Statement of Facts set out in Appellant's Brief and submits the following Statement of Facts supported by the record in this appeal.

Autocraft is a full service high-end collision restoration auto repair shop established in 1984. C.R. 41. Over the span of three decades, its founder, John Borek ("Borek"), spent substantial time and money developing specific business practices and forms, and creating a unique compilation of technical service bulletins and other information which have provided Autocraft with an advantage over its competitors who do not know or use Autocraft's trade secrets and confidential and proprietary information. C.R. 41-42.

Rey Hernandez ("Hernandez") worked at Autocraft from the time he arrived in Austin in March of 2008 until March of 2009. C.R. 5, 26. Upon leaving Autocraft, Hernandez started Precision Auto Body repair shop ("Precision Auto"), a competing repair shop. C.R. 26. Since Hernandez started Precision Auto a few employees have left Autocraft for Precision Auto. C.R. 42. Autocraft and Precision Auto competed in the marketplace for over five years without incident. C.R.42.

From 2008 to March 2014, David Damian ("Damian") worked as a production manager at Autocraft. C.R. 29. While Damian worked at Autocraft he had access to personnel information on employees, including salary information, Autocraft's financial information, including profit and loss statements, and

3

Autocraft's proprietary compilation of technical service bulletins and client forms, which in the hands of competitor provides it with an unfair competitive advantage. C.R. 6, 43.

Joyce Garcia ("Garcia"), who served as Autocraft's office manager for nine years, also had access to Autocraft's confidential business information and trade secrets while she was employed at Autocraft. C.R. 5-6, 43. Both Damian and Garcia held positions of trust and confidence with Autocraft during their employment. C.R. 6.

After Damain and Garcia left Autocraft in 2014 to join Precision Auto, Autocraft learned Precision Auto was using its proprietary compilation of technical service bulletins, and that a copy of its proprietary compilation had been taken to Precision Auto rather than Precision Auto spending the time and money subscribing to the various publications and searching through the tens of thousands of technical service bulletins issued over the years to create its own compilation. C.R. 42. Autocraft did not give Damian or Garcia, or any other Autocraft employee, consent to take any proprietary work product, confidential information or trade secret with them after they left Autocraft. C.R. 42.

On October 29, 2014, Autocraft filed suit against Precision Auto, Yesica Diaz, Hernandez and Damian asserting claims for misappropriation of trade secrets and violations of Chapter 134A of the Texas Civil Practice & Remedies Code, unfair competition, breach of fiduciary duty and civil conspiracy arising out of the

4

improper use of Autocraft's confidential business information and trade secrets. C.R. 3-11. Autocraft contends Damain and/or Garcia provided most, if not all, of the confidential business information to Precision Auto. C.R. 6. In addition to damages arising from the misuse of the confidential business information and trade secrets, Autocraft seeks injunctive relief to prevent any continued improper use of such information. C.R. 6.

On December 22, 2014, Appellants filed their Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code claiming that Autocraft's suit relates to the exercise of their rights of association or free speech. C.R. 18-31.

The trial court denied Appellants' motion to dismiss on January 23, 2015. C.R. 49. Five days later, Appellants filed their Notice of Appeal. C.R. 50-51.

## SUMMARY OF ARGUMENT

The Texas Citizens Participation Act ("TCPA"), Tex. Civ. Prac. & Rem Code §§ 27.001–.011, is an "anti-SLAPP" law. "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation." The TCPA's purpose is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, and otherwise participate in government to maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem Code § 27.002. To achieve this

goal, the TCPA allows a Defendant to seek dismissal of certain claims in a lawsuit at an early stage. TEX. CIV. PRAC. & REM CODE. § 27.003.

Autocraft's lawsuit against Appellants, including its claims for misappropriation of trade secrets, violations of Chapter 134A of the Texas Civil Practices & Remedies Code, unfair competition, and breach of fiduciary duty as well as a claim for civil conspiracy, arises out of Appellants' improper use of Autocraft's trade secret and confidential business information to unfairly compete in the marketplace, and has nothing to do with Appellants' rights of free speech and rights of association. Autocraft seeks to prevent any further improper disclosure or use of its trade secrets and confidential business information, not Appellants' ability to join together to compete fairly in the marketplace.

Further, the TCPA does not apply to private communications. In the present case, any communication at issue would involve a private communication among the Precision Auto employees concerning Autocraft's trade secret and confidential business information. Disclosure of trade secret information is not protected free speech. The TCPA does not protect theft of trade secrets and unfair competition. Indeed, the TCPA expressly does not apply to a legal action brought against a person primarily engaged in the business of selling services, such as auto body repair services, if the statement or conduct arises out of the sale of services or a commercial transaction in which the intended audience is an actual or potential buyer or customer. TEX. CIV. PRAC. & REM. CODE § 27.010(b). It is undisputed that

6

Appellants are primarily engaged in the business of selling auto repair services and the wrongful conduct complained of in this suit arises out of Appellants' unfair competition in the marketplace with respect to the sale of those services.

Appellants failed to meet their initial burden of proof to show by a preponderance of the evidence that the present action is based on, relates to, or is in response to their exercise of the right to free speech or the right of association. Accordingly, the trial court properly denied Appellants' motion to dismiss under Chapter 27 of the Texas Civil Practice & Remedies Code.

## ARGUMENT

### I.   STANDARD OF REVIEW

Section 27.003 of the TCPA provides that a party may file a motion to dismiss if a legal action "is based on, relates to, or is in response to [that] party's exercise of the right of free speech, right to petition, or right of association." TEX. CIV. PRAC. & REM. CODE § 27.003(a). Section 27.005(b) provides that a court "shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence" that the action is based on, relates to, or is in response to the party's exercise of free speech or the right of association. TEX. CIV. PRAC. & REM. CODE § 27.005(b).

Appellants bore the initial burden of proof of demonstrating the TCPA's applicability by a preponderance of the evidence. *See Whisenhunt v. Lippincott*, 416 S.W.3d 689, 695 (Tex. App.—Texarkana 2013, pet. filed). If Appellants could

7

establish the required elements under § 27.005(b), then the burden would shift to Autocraft to avoid dismissal by meeting the requirements under § 27.005(c) that it establish by clear and specific evidence a prima facie case for each essential element of its claims. TEX. CIV. PRAC. & REM CODE §§ 27.005(b) and (c); *see also Jardin v. Markland*, 431 S.W.3d 765, 770 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

A trial court's determination that a moving party showed by a preponderance of evidence that the TCPA applies is subject to de novo review. *Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210, 213 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 688-89 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). This case will turn on the Court's construction of the TCPA, an issue of law that likewise implicates de novo review of the trial court's decision. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011).

II.  TRIAL COURT CORRECTLY DENIED APPELLANTS' MOTION TO DISMISS UNDER CHAPTER 27 OF THE TEXAS PRACTICE & REMEDIES CODE BECAUSE APPELLANTS FAILED TO MEET THEIR BURDEN OF PROOF.

A.  AUTOCRAFT'S MISAPPROPRIATION OF TRADE SECRETS, UNFAIR COMPETITION, AND BREACH OF FIDUCIARY DUTY CLAIMS DO NOT IMPLICATE THE TCPA.

The TCPA does not apply to this case. The TCPA was enacted as Anti-SLAPP legislation, in order to curtail the filing of "frivolous lawsuits aimed at silencing" citizens who are participating in the free exchange of ideas. *See* Senate

8

Comm. on State Affairs, Bill Analysis, Tex. H.B. 2973, 82nd Leg., RS (2011). Its purpose is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. The provisions of the TCPA shall be "construed liberally to effectuate its purpose." TEX. CIV. PRAC. & REM. CODE § 27.011(b).

The TCPA attempts to strike a balance between encouraging and safeguarding the right of free speech while also providing an avenue for recovery for those who file meritorious lawsuits. *See* TEX. CIV. PRAC. & REM. CODE § 27.002. Appellants argue that the present suit infringes on their rights of free speech and rights of association. Appellants' Brief at p. 10. In fact, Autocraft's suit seeks to protect and preserve its trade secret and confidential business information and is no threat to Appellants' rights to free speech or rights of association. For such reason, the statute is inapplicable to this case.

Under TEX. CIV. PRAC. & REM. CODE § 27.001(3), the "'[e]xercise of the right of free speech' means a communication made in connection with a matter of public concern." Under TEX. CIV. PRAC. & REM. CODE § 27.001(2), the "'[e]xercise of the right of association' means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." Autocraft is not trying to foreclose either of these rights.

9

Appellants failed establish "by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of: (1) the right of free speech; (2) the right of association; or (3) the right to petition." TEX. CIV. PRAC. & REM. CODE § 27.005(b).

### 1. PRIVATE SPEECH NOT PROTECTED UNDER THE TCPA

"Not all speech is of equal First Amendment importance. It is speech on 'matters of public concern' that is at the heart of the First Amendment protection." *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,* 472 U.S. 749, 758-59, 105 S. Ct. 2939, 86 L. Ed. 2d 593 (1985). Private communications are not protected by the TCPA. *Whisenhunt,* 416 S.W.3d at 700.

The *Whisenhunt* court held that the TCPA did not apply to a motion to dismiss defamation claims based on internal emails that had never been published in a newspaper, social media, or other public forum. *Whisenhunt,* 416 S.W.3d at 697-700. The court explained, "Considering the language of the statute as a whole, the Legislature's statement of intent, and existing law, which was referenced by Legislature, we conclude that the TCPA does not apply to speech that is only privately communicated. Only under such an interpretation can both purposes of the TCPA be served." *Id.* At 700.

In the *Jardin* case, the court addressed a TCPA motion to dismiss based on purported rights to petition and association invoked by filing of court pleadings. *Jardin,* 431 S.W.3d at 768. Rejecting the applicability of the TCPA, the *Jardin*

10

court stated in dicta that: "Jardin would have us conclude that, simply by filing a pleading in a lawsuit between private parties, he has invoked the protections of the TCPA, despite the act's title, purpose, language and context, legislative history, and the particular meanings of constitutional rights at issue." *Id.* at 773. The court concluded that the TCPA's legislative history, purpose, and context instead support the conclusion that the "exercise of the right of association" as defined in the statute requires that the communications at issue concern public interest and does not encompass private communications. *See Id.* at 770-773.

Similarly, in *Rivers v. Johnson Custodial Home, Inc.*, No. A-14-CA-484-SS, 2014 WL 4199540 (W.D.Tex. Aug. 22, 2014), the court held communications to prospective employers in response to reference checks were private communications that were not protected by the TCPA. *Id.* at *1-2. The court observed that "[t]he *Whisenhunt* court surveyed the Texas cases involving free speech claims under the TCPA and concluded all of them involved alleged statements 'readily available to the public.'" *Id.* at 2. The court therefore held that "if a person not exercising his right to speak freely in public, the TCPA will not apply to suits filed against him." *Id.*

These decisions are all consistent with the text and context of the TCPA, as well as its legislative history. The TCPA defines "exercise of the right of association" to mean "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." TEX. CIV.

11

PRAC. & REM CODE § 27.001(2). The statute defines the "exercise of the right of free speech" to mean "a communication made in connection with a matter of public concern." *Id.* at § 27.001(3). As the *Jardin* court observed, "[t]he clear implication from these definitions is that the Legislature intended to protect communications in the public interest." *Jardin*, 431 S.W.3d at 772, *see also Whisenhunt*, 416 S.W.3d at 697; *Cheniere Energy*, 449 S.W.3d at 219 (Jennings, J., concurring).

This Court has previously held that the text of the TCPA does not limit the breadth of the rights protected by Chapter 27 to communications directed toward government. *See Combined Law Enforcement Ass'n of Tex. v. Sheffield*, No. 03-13-00105-CV, 2014 WL 411672 at *2 (Tex. App.—Austin Jan. 31, 2014, pet. filed) (Stating that the text of TCPA does not limit its scope). The *Sheffield* case involved a claim for defamation arising out of a labor dispute which by its very nature requires publication of a communication. *Id.* At *6. Other courts that have held the TCPA extends beyond participation in government still require a public communication. *See*, e.g., *BBB of Metro Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("TCPA includes a person's right to communicate reviews or evaluations of services in the marketplace.").

The legislative history of the TCPA further confirms that its purpose is to protect communications analogous to participation in government made publicly,

12

rather than private communications. The legislative sponsor issues a statement of intent, which includes the following reasoning for enacting the legislation:

> Citizens participation is the heart of our democracy. Whether petitioning the government, writing a traditional news article, or commenting on the quality of a business, involvement of citizens in the exchange of idea[s] benefits our society.
>
> ...
>
> The Texas Citizens Participation Act would allow defendants-who are sued as a result of exercising their right to free speech or their right to petition the government-to file a motion to dismiss the suit....

Senate Comm. on State Affairs, Bill Analysis, Tex. H.B. 2973, 82nd Leg., R.S. (2011). The statement of intent confirms the concept evident from the statute as a whole: the Legislature intended to protect public communications analogous to participation in government. The present case involving confidential business information and trade secrets by its very nature would not and does not involve public communications.

## 2. THE TCPA DOES NOT PROTECT THE DISCLOSURE OF TRADE SECRETS

Appellants do not address the application of the TCPA to Autocraft's claims individually, arguing instead that all of Autocraft's claims "center upon defendants' communications among themselves as they promote and pursue their common interests in developing and maintaining a successful auto body repair business." C.R. 21. Thus by their own admission, this case involves private communications at best. In a desperate attempt to couch Autocraft's petition as a SLAPP suit and in order to fall under the statute's purview, Appellants

mischaracterize Autocraft's claims. For example, Appellants assert that in filing the lawsuit, Autocraft seeks to prevent them from communicating regarding common business practices. C.R. 18. A simple review of Plaintiff's Original Petition establishes that is not the case. C.R. 18-19.

Without question, Autocraft's claims are limited to the improper disclosure and use of its confidential business information and trade secrets. This suit turns on Damian's misappropriation of trade secrets and the related breach of fiduciary duty owed to Autocraft that survives termination of employment. As explained by this Court, "trade secret law is intended to prevent ideas from being directly stolen, rather than copied, and only applies to the small group of people privy to confidential information." *Garth v. Staktek Corp.*, 876 S.W.2d 545, 550 (Tex. App.—Austin 1994, writ dism'd w.o.j.).

Further, as in this case, trade secret misappropriation cases often involve breaches of confidence and fiduciary duties. Such cases do not implicate First Amendment concerns, much less the specific First Amendment concerns protected by the TCPA. *See, e.g. Cohen v. Cowles Media Co.*, 501 U.S. 663, 668-72 (1991) (holding that First Amendment protections were not triggered by a private cause of action for promissory estoppel); *Am. Motors Corp. v. Huffstutler*, 575 N.E.2d 116, 120 (Ohio 1991) ("Disclosure of confidential information does not qualify for protection against prior restraint under the First Amendment."); *Cherne Indus. Inc. v. Grounds & Assocs., Inc.*, 278 N.W.2d 81, 94 (Minn. 1979) (rejecting

14

First Amendment defense in trade secret case because of defendant's breach of confidential relationship obligation.).

In rejecting a claim of First Amendment immunity by an employee who has misappropriated documents in order to provide them to the press, the Fourth Circuit Court of Appeals stated, "[t]o permit the thief thus to misuse the Amendment would be to prostitute the salutary purposes of the First Amendment." *United States v. Morison*, 844 F.2d 1057, 1069-70 (4th Cir. 1988); *see also, Cherne Indus.*, 278 N.W.2d at 94. (noting that an employee "is not entitled to invoke the First Amendment as a shield to immunize his act of thievery."). Under Appellants' expansive view of the TCPA, contrary to these precedents, an employee and even a fiduciary can invoke the First Amendment concerns protected by the TCPA as a shield to "immunize" tortious conduct so long as the misconduct has some connection to maintaining and operating a competitive business enterprise.

Appellants do not contest that trade secrets are protectable property interests under Texas law. Autocraft has alleged entitlement to protection of its trade secret and confidential business information relating to its business practices, procedures and compilation of information which provides it with a competitive advantage in the marketplace. The Texas Uniform Trade Secrets Act, §§ 134A.001-.008, TEX. CIV. PRAC. & REM. CODE, provides Autocraft with remedies to protect and preserve its trade secrets that have been acquired by improper means. *See* § 134A.003, TEX. CIV. PRAC. & REM. CODE.

15

Appellants also do not contest that an employee has a common law duty not to use confidential or proprietary information acquired during employment adversely to his employer. *Anderson Chem. Co. v. Green,* 66 S.W.3d 434, 442 (Tex. App.—Amarillo 2001, no pet.). Thus, while a former employer may use the general knowledge, skill, and experience acquired during the employment relationship, he may not utilize confidential information or trade secrets acquired during the employment relationship. *Id.* The fact that Defendants did not enter a non-compete, non-solicitation or confidentiality agreement is irrelevant because a former employees has a common law duty not to disclose a former employer's confidential business information. *Id.*

Autocraft filed this suit after learning Damian had improperly taken and was using its trade secret and confidential business information, including its business processes, practices, forms, payment sheets, and compilations—which have been carefully crafted and revised over three decades—to gain an unfair advantage in the market for his new employer, Precision Auto. C.R. 42. Appellants could not, and did not, meet their burden to prove by a preponderance of the evidence that Autocraft's lawsuit, much less its misappropriation of trade secrets, unfair competition and breach of fiduciary duty claims, were filed in response to, premised upon, or otherwise implicated TCPA-protected communications. Accordingly, the trial court correctly denied Precision Auto's motion to dismiss.

16

B.   EVEN IF THE TCPA WERE OTHERWISE APPLICABLE TO AUTOCRAFT'S TORT CLAIMS, THE COMMERCIAL SPEECH EXCEPTION IN § 27.010(b) PREVENTS DISMISSAL.

At the heart of Appellants' argument that the TCPA applies to Autocraft's suit against them is their apparent view that the statute applies in numerous cases having nothing to do with its underlying purpose of protecting Texans' constitutional rights to "petition, speak freely, and otherwise participate in government to the maximum extent permitted by law." To that end, Appellants urge that the Court conclude the TCPA shields all of their actions complained of by Autocraft because their conduct is in some way relates to their development and maintenance of a competitive auto repair business, which entails the exercise of the right of association and the right of free speech. Section 27.010(b) of the TCPA provides:

> [The TCPA] does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

§ 27.010(b), TEX. CIV. PRAC. & REM. CODE. This statutory exemption precludes any application of the anti-SLAPP statute here because Appellants, by their own admission, are engaged in the business of selling services, and their alleged exercise of their rights of free speech and free association on which their motion to dismiss was predicated, arise out of "their common interests in developing and

17

maintaining a successful auto body repair business." C.R. 21. Remarkably, Appellants contend that if Autocraft is successful in its suit, they would be prevented from "communicating regarding business procedures that are commonly employed in the automobile body repair shop industry." Appellants' Brief at 11. This argument defies logic.

Thus, even if Autocraft's claim could somehow implicate the TCPA, the commercial speech exception in section 27.010(b) prevents dismissal of the claims against Appellants.

III.   EVEN ASSUMING THE TCPA APPLIES TO APPELLEE'S CLAIMS, AUTOCRAFT MET ITS BURDEN OF PROOF TO PREVENT DISMISSAL OF ITS CLAIMS.

Because the trial court found that Appellants did not meet their burden of proof to show that Autocraft's action is "based on, relates to, or is in response to" their exercise of the right to free speech and right of association, it did not need to address whether Autocraft established a prima facie case for each element of the claim in question. In determining whether a non-movant carries the burden, the trial court shall consider both the pleadings and evidence in the light most favorable to the non-movant. *See* TEX. CIV. PRAC. & REM. CODE § 27.006; and *Schimmel v. McGregor*, 438 S.W.3d 847, 855-56 (Tex. App.—Houston [1st Dist.] 2014, pet. filed). Autocraft did establish a prima facie case for misappropriation of trade secrets, unfair competition and breach of fiduciary duty.

18

Texas courts have long held that a "prima facie case" is a minimum quantity of evidence. "Prima facie evidence is merely that which suffices for proof of a particular fact until contradicted and overcome by other evidence." *Dodson v. Watson*, 220 S.W. 771, 772 (Tex. 1920). The term has also been used to mean that the proponent has produced sufficient evidence to go to the trier of fact on the issue. *Coward v. Gateway Nat'l Bank*, 525 S.W.2d 857, 859 (Tex. 1975).

As expressed in more recent decisions, a "prima facie case" requires a "minimum quantity of evidence necessary to support a rational inference that the allegations of fact is true." *Rodriguez v. Printone Color Corp.*, 982 S.W.2d 69, 72 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *Rosales v. H.E. Butt Grocery Co.*, 905 S.W.2d 745, 748 (Tex. App.—San Antonio 1995, writ denied).

The Legislature is presumed to know and act with reference to the common law. *Haygood v. De Escabedo*, 356 S.W.3d 390, 403 (Tex. 2011); and TEX. GOV'T CODE § 311.011(b). Thus, the courts of appeals have adopted this well-understood definition of the "prima facie case" for application in the TCPA context. *See, e.g. Schimmel*, 438 S.W.3d at 855 (*citing Robinson*, 409 S.W.3d at 688); *James v. Calkins*, 446 S.W.3d 135, 147 (Tex. App.—Houston [1st Dist.] 2014, pet filed.).

Indeed it is an elementary principle of Texas law that any ultimate fact may be proved by circumstantial evidence. *Russell v. Russell*, 865 S.W.2d 929, 933 n.2 (Tex. 1993); *Prudential Ins. Co. v. Krayer*, 366 S.W.2d 779, 780 (Tex. 1963) (holding that any ultimate fact may be conclusively shown by wholly

19

circumstantial evidence). There is nothing in the TCPA to suggest that the Legislature meant, by the use of the phrase "clear and specific evidence," to *sub silentio* preclude the use of circumstantial evidence and inference. To the contrary, by incorporating the use of the "prima facie case" as the standard that a non-movant must satisfy to preserve its claims, the Legislature has expressly authorized the use of such evidence and inference as the accepted definition acknowledges that reasonable inference may suffice-indeed, may be necessary-to prove the elements of a claim. *See Lammons Gasket Co. v. Flexitallic LP*, 9 F. Supp. 3d 709, 712 (S.D. Tex. 2014) (noting in a TCPA case that proof of motive "must necessarily, at this early stage of the proceeding, be circumstantial").

A trade secret misappropriation under Texas law requires (1) the existence of a trade secret, (2) a breach of a confidential relationship, (3) use of the trade secret, and (4) damages. *Trilogy Software v. Callidus Software, Inc.,* 143 S.W.3d 452, 463 (Tex. App.—Austin 2004, pet. denied). Proof of trade secret misappropriation often depends on circumstantial evidence. *Southwestern Energy Prod. Co. v. Berry-Helfand,* 411 S.W.3d 581, 598 (Tex. App.—Texarkana 2013, pet. filed). Under § 134A.002, TEX. CIV. PRAC. & REM. CODE, a misappropriation means acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means.

The law of unfair competition is an umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to

20

honest practice in industrial or commercial matters. *United States Sporting Prods. V. Johnny Stewart Game Calls*, 865 S.W.2d 214, 217 (Tex. App.—Waco 1993, writ denied.). Within the broad scope of unfair competition are the independent causes of action such as trade secret misappropriation. *Id.*

Damages in a trade secret case can take a variety of forms. The methods used to calculate damages include the value of plaintiff's lost profit; the defendant's actual profits from use of the trade secrets; the value a reasonably prudent investor would have paid for the trade secret; development costs the defendant avoided by the misappropriation; and a reasonable royalty. *See Berry-Helfand*, 411 S.W.3d at 609. Courts adjust the measure of damages to accord with the commercial setting of the injury, the likely future consequences of the misappropriation, and the nature and extent of the defendant's use of the trade secret. *Id.*

Texas courts have long recognized that entrustment of trade secrets gives rise to a fiduciary relationship in an employer-employee relationship. *See In re Associated Indep. Marketers Inc. of Am.*, Case No. 92-4941, 1993 U.S. App. LEXIS 41111 at *9 (5th Cir. May 10, 1993). A breach of fiduciary duty exists when a party uses confidential information adversely to the disclosing party. *See Hyde Corp. v. Huffines*, 158 Tex. 566, 314 S.W.2d 763, 770, 772 (Tex. 1958). A former employee has a duty not to disclose a former employer's confidential

21

business information. *Anderson Chem. Co. v. Green,* 66 S.W.3d 434, 442 (Tex. App.—Amarillo 2001, no pet.).

A trade secret is any formula, pattern, device, or compilation of information which is used in one's business and presents an opportunity to obtain the advantage over competitors who do not know or use it. *Computer Assoc. Intl., Inc. v. Altai, Inc.,* 918 S.W.2d 453, 455 (Tex. 1996). In addition, a procedure or device may be based on a previously existing idea in the industry, and still be entitled to protection so long as the procedure or device is not generally known. *See K&G Oil Tool & Serv. Co. v. G&C Fishing Tool Serv.,* 158 Tex. 594, 314 S.W.2d 782, 785 (Tex. 1958).

Autocraft has alleged entitlement to protection of its trade secret and confidential business information relating to its business practices, procedures and compilation of information which provides it with a competitive advantage in the marketplace. C.R. 41-43. Borek testified that Damian and/or Garcia took a copy of Autocraft's proprietary compilation of technical service bulletins with them to Precision Auto when they left Autocraft to join Precision Auto. C.R. 42. Borek also testified that Precision Auto is using Autocraft's proprietary forms and documents which he considers a trade secret. C.R. 42.

Appellants also do not contest that an employee has a common law duty not to use confidential or proprietary information acquired during employment adversely to his employer. *Anderson Chem.,* 66 S.W.3d at 442. Thus, while a

22

former employer may use the general knowledge, skill, and experience acquired during the employment relationship, he may not utilize confidential information or trade secrets acquired during the employment relationship. *Id.* Autocraft filed this suit after learning Damian had improperly taken and was using its trade secret and confidential business information, including its business processes, practices, forms, payment sheets, and compilations—which have been carefully crafted and revised over three decades—to gain an unfair advantage in the market for his new employer, Precision Auto. C.R. 42. The fact that Defendants did not enter a non-compete, non-solicitation or confidentiality agreement is irrelevant because a former employees has a common law duty not to disclose a former employer's confidential business information. *Id.*

While the Technical Service Bulletins may be available online, Autocraft spent substantial time and money searching through the tens of thousands of available bulletins and purchasing, compiling and organizing the Technical Service Bulletins relevant to its business. C.R. 41-42. Appellants could have done the same, but instead chose not to expend the time and money to create a similar compilation, choosing instead to simply take Autocraft's compilation and other proprietary information. Furthermore, it is alleged that Appellants have improperly used Autocraft's confidential information, including employee salary information, to recruit and solicit more Autocraft employees to join Precision Auto, and this tactic of recruitment is not permitted. C.R. 42-43.

23

To the extent Appellants object to the evidence submitted to the trial court at the hearing, Appellants waived their objections having failed to secure a ruling on their objections. On January 22, 2015, Appellants presented their objections to the Affidavit of John Borek attached to Plaintiff's Response to Defendants' Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code, at the time of the hearing. C.R. 53-59. At the conclusion of the hearing, the Court took Appellants' motion under advisement.

On January 23, 2015, the Court signed and entered its Order Denying Defendants' Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code. C.R. 49. On January 28, 2015, Appellants filed their Notice to Appeal, appealing the Court's order denying their motion to dismiss. C.R. 50-51.

Appellants did not secure a ruling on their objections prior to filing their notice of appeal, which, under TEX. CIV. PRAC. & REM. CODE § 51.014(b), stayed all proceedings in the trial court pending resolution of the appeal. Accordingly, Appellants' objections are waived. *See, e.g., Rodriguez v. Wal-Mart Stores, Inc.,* 52 S.W.3d 814, 823 (Tex. App.—San Antonio 2001) (objections waived by failing to obtain a ruling), *rev'd in part on other grounds,* 92 S.W.3d 502 (Tex. 2002); *see also Cain v. Rust Indus. Cleaning Servs., Inc.,* 969 S.W.2d 464, 466 (Tex. App.—Texarkana 1998, pet. denied) (error waived where reporter's record only reflected trial court's intent to rule at a later date but record did not contain a specific ruling

24

on objection). Thus, Autocraft's submission of both direct and circumstantial evidence establishing a prima facie case for each element of its claims against Appellants precludes dismissal under the TCPA.

## PRAYER

Appellee, Autocraft Bodywerks, Inc., requests that the Court affirm the trial court's denial of Appellants' motion to dismiss under Chapter 27 of the Texas Civil Practices & Remedies Code. Autocraft further requests such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: /s/ James G. Ruiz
James G. Ruiz
State Bar No. 17385860
jruiz@winstead.com
Jacylyn G. Austein
State Bar No. 24069760
jaustein@winstead.com
**WINSTEAD PC**
401 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 370-2800
(512) 370-2850 (Fax)

**ATTORNEYS FOR APPELLEE
AUTOCRAFT BODYWERKS, INC.**

25

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Brief of Appellee was forwarded via electronic service to the following on the 20th day of April, 2015:

Rick Harrison
Sam King
Dale L. Roberts
FRITZ, BYRNE, HEAD & HARRISON, PLLC
98 San Jacinto Boulevard, Suite 2010
Austin, Texas 78701

*/s/ James G. Ruiz*
James G. Ruiz

# CERTIFICATE OF COMPLIANCE

I certify that the word count for this filing, excluding portions of the brief that need not be counted under Rule 9.4(i)(1), is 5,429 according to the Microsoft Word 2010 word count feature, in compliance with the 15,000 word limit set for merits briefing by Rule 9.4(i)(2)(B).

*/s/ James G. Ruiz*

James G. Ruiz

782076v.1 57457-1

## IN THE COURT OF APPEALS FOR THE
## THIRD DISTRICT OF TEXAS
## AT AUSTIN, TEXAS

## ELITE AUTO BODY LLC d/b/a PRECISION AUTO BODY, REY R. HERNANDEZ, YESICA DIAZ, AND DAVID DAMIAN,
*Appellants*

## V.

## AUTOCRAFT BODYWERKS, INC.
*Appellee*

## ON APPEAL FROM THE 345th JUDICIAL DISTRICT COURT
## TRAVIS COUNTY, TEXAS
## TRIAL COURT CAUSE NO. D-1-GN-14-004535
## HONORABLE TIM SULAK, PRESIDING JUDGE

## APPENDIX TO BRIEF OF APPELLEE

A.   Order Denying Defendants' Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code

B.   Plaintiff's Original Petition and Application for Injunctive Relief

# APPENDIX A

CAUSE NO. D-1-GN-14-004535

| | | |
|---|---|---|
| AUTOCRAFT BODYWERKS, INC., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| ELITE AUTO BODY LLC, | § | |
| dba PRECISION AUTO BODY, | § | |
| REY R. HERNANDEZ, | § | TRAVIS COUNTY, TEXAS |
| YESICA DIAZ, and | § | |
| DAVID DAMIAN, | § | |
| | § | |
| *Defendants,* | § | |
| | § | |
| vs. | § | |
| | § | |
| JOHN BOREK, | § | |
| | § | |
| *Third-Party Defendant.* | § | 345th JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO CHAPTER 27 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE

On the 22nd day of January, 2015, the Court heard Defendants' Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code (the "Motion"). After considering the pleadings, affidavits, and legal arguments, ~~the Court finds that Chapter 27 of the~~ ~~Texas Civil Practice and Remedies Code is inapplicable to this suit~~. It is therefore,

**ORDERED** that the Motion is hereby **DENIED** in all respects.

Signed this 23rd day of January 2015.

_____
PRESIDING DISTRICT COURT JUDGE
TIM SULAK

# APPENDIX B

CAUSE NO. D-1-GN-14-004535

| | | |
|---|---|---|
| AUTOCRAFT BODYWERKS, INC., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff.* | § | |
| | § | |
| vs. | § | |
| | § | |
| ELITE AUTO BODY LLC, | § | TRAVIS COUNTY, TEXAS |
| dba PRECISION AUTO BODY, | § | |
| REY R. HERNANDEZ, | § | |
| YESICA DIAZ, and | § | |
| DAVID DAMIAN, | § | |
| | § | |
| *Defendants.* | § | 345th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION
## AND APPLICATION FOR INJUNCTIVE RELIEF

Plaintiff Autocraft Bodywerks, Inc. ("Autocraft"), a Texas corporation, complains of

Defendants Elite Auto Body LLC, dba Precision Auto Body ("Elite Auto"), Rey R. Hernandez

("Hernandez"), Yesica Diaz ("Diaz"), and David Damian ("Damian"), as follows:

### I.

### DISCOVERY PLAN

1.     This case shall be governed by Discovery Control Plan Level 2 of Texas Rule of

Civil Procedure 190.

### II.

### PARTIES

2.     Plaintiff Autocraft is a Texas corporation having its principal place of business in

Austin, Travis County, Texas.

3.     Defendant Elite Auto is a Texas corporation having its principal place of business

in Travis County, Texas, and may be served with process through its registered agent, Rey R.

Hernandez, 2801 Lyons Road, Austin, Texas 78702.

4. Defendant Hernandez is an individual who resides in Hays County, Texas, and may be served with process at 1261 Cherrywood, Kyle, Texas 78640, or anywhere within the state he can be found.

5. Defendant Diaz is an individual who resides in Hays County, Texas, and may be served with process at 1261 Cherrywood, Kyle, Texas 78640, or anywhere within the state she can be found.

6. Defendant Damian is an individual who resides in Travis County, Texas, and may be served with process at 11303 Stormy Ridge Road, Austin, Texas 78739, or anywhere within the state he can be found.

## III.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over the parties to this case, as well as subject matter jurisdiction over the claims asserted herein pursuant to Art. 5, § 8 of the TEXAS CONSTITUTION, in that Defendants are residents of the State of Texas, and the amount in controversy exceeds the minimum jurisdictional limits of this Court.

8. Venue is proper in Travis County pursuant to TEX. CIV. PRAC. & REM. CODE, § 15.002(a)(1) in that the events surrounding Plaintiff's claims occurred in Travis County, Texas.

## IV.

## FACTS

9. Autocraft is an auto-repair shop that offers full-service, high-end collision restoration to all makes and models of vehicles, and has been operating its business in Austin, Texas since 1984. Autocraft owes much of its success and value to the expertise it has gathered from over thirty-years of experience in the auto-repair industry. Over the past three decades, it

has compiled an extensive record of Technical Service Bulletins ("TSBs") and developed an intricate system to improve operations.

10.     On or around March 7, 2008, Autocraft hired Hernandez as a production manager. Less than a year later, Hernandez quit without giving any notice. In fact, one day, he just stopped showing up. Hernandez opened his own auto-repair shop at 2801 Lyons Road. A couple of Autocraft employees left with Hernandez. The Certificate of Ownership for the unincorporated business was filed on February 11, 2009, under the business name "Precision Auto Body." Diaz is listed on the Certificate of Ownership as the full owner of the property. On March 12, 2014, Hernandez incorporated the business by forming the limited liability company Elite; however, he kept Precision Auto Body as the assumed name.

11.     On or around March 14, 2014, Damian, a production manager who had been with Autocraft for six years, quit and joined Elite. About two months later, Autocraft's office manager of nine years, Joyce Garcia ("Garcia"), left without giving notice to join Elite.

12.     Damian and Garcia held positions of trust and confidence with Autocraft and received and had access to proprietary and confidential information and trade secrets that Autocraft had developed for over thirty years through the extensive use of its time, labor, skill and resources. For example, Autocraft provided Damian and/or Garcia with access to the following during their employments:

a.      Personnel information on employees, including salary information;

b.      Financial information, including profit and loss statements;

c.      Proprietary compilation of TSBs; and

d.      Proprietary client forms, such as payment sheets and vehicle check lists.

13.     Upon information and belief, Damian and/or Garcia provided Elite with most, if not all, of the above-mentioned confidential, proprietary and trade secret information. Defendants have been using Autocraft's confidential, proprietary, and trade secret information to obtain an unfair competitive advantage in the marketplace for their own personal gain, and to the detriment of Autocraft. Furthermore, upon information and belief, Elite is using Autocraft's confidential information, including employee salary information, to convince more employees to leave Autocraft and join Elite. Of the eight employees at Elite, six are from Autocraft.

14.     As a result of the above-described conduct by Defendants, Autocraft has been injured and continues to be injured and damaged. Autocraft's injuries and damages include, but are not limited to, the potential loss of clients and revenue and the misappropriation and unfair use of Autocraft's trade secrets and confidential and proprietary information.

## V.

## CLAIMS FOR RELIEF

### COUNT 1

#### APPLICATION FOR INJUNCTIVE RELIEF

15.     The paragraphs above are realleged and incorporated herein by reference as if set forth in this Count.

16.     Plaintiff will suffer immediate and irreparable injury, loss, or damage if Defendants, and all others acting in concert with them, are not immediately enjoined from disclosing or using Autocraft's confidential and proprietary information and trade secrets, including but not limited to, for purposes of competing with Autocraft and contacting and soliciting Autocraft's employees to join Elite. Therefore, Autocraft seeks temporary and permanent injunctive relief preventing Defendants from continuing to use its confidential, proprietary and trade secret information to which they have no right to use or possess.

17. The relief requested is necessary to prevent any further irreparable injury to Autocraft prior to a trial on the merits in this case. If Autocraft is successful on the merits at trial, which is likely, the opportunity to recover damages at the conclusion of the case will not remedy the harm to it resulting from Defendants' wrongful conduct that will or might continue during the progress of this litigation, and Autocraft will have no adequate remedy at law unless the Court grants injunctive relief as prayed for herein as the loss of trade secrets and potential loss of clients will be difficult to completely calculate.

18. Following a trial on the merits, the Court should enter a permanent injunction, continuing in effect the injunctive relief described above.

### COUNT 2

### MISAPPROPRIATION OF TRADE SECRETS AND VIOLATION OF
### CHAPTER 134A OF THE CIVIL PRACTICE & REMEDIES CODE

19. The paragraphs above are realleged and incorporated herein by reference as if set forth in this Count.

20. The confidential, proprietary, and trade secret information of Autocraft described above is protected information under Texas law because it is a compilation of information that Autocraft uses in its business, which gives Autocraft an opportunity to obtain an advantage over competitors who do not own or possess the information.

21. Autocraft owns this confidential, proprietary, and trade secret information, and Defendants are improperly using it for their own personal gain and to the detriment of Autocraft, and they are conspiring with each other to engage in this wrongful conduct.

22. As a result of Defendants' misappropriation of Autocraft's confidential and proprietary information, and trade secrets, Autocraft has suffered and will continue to suffer damages in excess of the minimum jurisdictional limits of this Court.

## COUNT 3

### UNFAIR COMPETITION

23.     The paragraphs above are realleged and incorporated herein by reference as if set forth in this Count.

24.     The Defendants' conduct described above constitutes unfair competition under Texas common law, and the Defendants' unfair competition has proximately caused Autocraft irreparable harm.

25.     As a result of this unfair competition, Autocraft has suffered and will continue to suffer damages in excess of the minimum jurisdictional limits of this Court.

## COUNT 4

### BREACH OF FIDUCIARY DUTY

26.     The paragraphs above are realleged and incorporated herein by reference as if set forth in this Count.

27.     As an employee of Autocraft, Damian owed certain fiduciary duties, including a duty of loyalty and utmost good faith and the duty not to misuse the confidential information of Autocraft. Certain fiduciary duties, including the duty not to disclose or misuse Autocraft's confidential, proprietary and trade secret information, continue after the termination of employment.

28.     Damian breached his fiduciary duties by undertaking actions to harm Autocraft's business, including (a) assisting Hernandez and Diaz in unfairly competing with Autocraft; (b) assisting Hernandez and Diaz with their efforts to hire away Autocraft employees; (c) misappropriating Autocraft's confidential and proprietary information, trade secrets and valuable work; (d) inducing or otherwise assisting Garcia and other former employees to

misappropriate Autocraft's confidential and proprietary information, trade secrets and valuable work product; and (e) failing to act in the best interests of Autocraft.

29. As a result of Damian's breach, Autocraft has suffered and will continue to suffer damages in excess of the minimum jurisdictional limits of this Court.

## COUNT 5

### VICARIOUS AND PARTICIPATORY LIABILITY OF HERNANDEZ AND DIAZ

30. The paragraphs above are realleged and incorporated herein by reference as if set forth in this Count.

31. Hernandez and Diaz are individually and jointly liable in damages to Autocraft for the wrongful acts committed by Damian and other former Autocraft employees because (a) they assisted and encouraged the wrongful acts [See RESTATEMENT (SECOND) OF TORTS § 876(b)]; and (b) they assisted and participated in the wrongful acts [See RESTATEMENT (SECOND) OF TORTS § 876(c)].

32. Due to its vicarious and participatory liability, Hernandez and Diaz are also subject to and bound by all relief sought by Autocraft.

## COUNT 6

### CIVIL CONSPIRACY

33. The paragraphs above are realleged and incorporated herein by reference as if set forth in this Count.

34. Hernandez and Diaz were active participants in Damian's and other former employees' breach of their fiduciary duties and misappropriation of proprietary information and trade secrets.

35. Defendants entered into a conspiracy to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. Defendants' conspiracy proximately caused Autocraft significant actual damages and as a result, each is liable for the actions of the other.

36. In furtherance of the conspiracy, Defendants and others within the conspiracy committed one or more unlawful acts or otherwise lawful acts for unlawful purposes, including, but not limited to, unlawfully misappropriating Autocraft's proprietary information and trade secrets for their own gain and to the detriment of Autocraft, and breaching and causing others to breach their fiduciary duties to Autocraft.

37. As a result, Autocraft has suffered and will continue to suffer damages in excess of the minimum jurisdictional limits of this Court

### COUNT 7

### EXEMPLARY DAMAGES

38. The paragraphs above are realleged and incorporated herein by reference as if set forth in this Count.

39. The Defendants' tortious conduct was carried out intentionally and with conscious disregard of Autocraft's rights, thereby warranting the imposition of exemplary damages in accordance with Chapter 41, TEX. CIV. PRAC. & REM. CODE.

### VI.

### REQUEST FOR DISCLOSURE

40. Under Texas Rule of Civil Procedure 194, Autocraft requests that Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

# VII.

## RULE 47 STATEMENT

41.     Per Texas Rule of Civil Procedure 47, Autocraft states that it seeks monetary relief of $100,000 or less, and non-monetary relief.

# VIII.

## CONDITIONS PRECEDENT

42.     Per Texas Rule of Civil Procedure 54, all conditions precedent have occurred, have been performed, have been waived, or have otherwise been satisfied or excused.

# IX.

## PRAYER

WHEREFORE, Autocraft requests the following relief:

a.     Enter a judgment for actual damages, exemplary damages, costs of litigation, including reasonable and necessary attorney's fees, prejudgment and post judgment interest at the maximum rate allowed by law, and costs of court as prayed herein;

b.     Enter temporary and permanent injunctive relief as requested herein;

c.     Grant Plaintiff all other and further relief to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**WINSTEAD P.C.**
401 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 370-2818
(512) 370-2850 (Fax)

By:___*/s/ James G. Ruiz*_____
        James G. Ruiz
        State Bar No. 17385860
        jruiz@winstead.com

ATTORNEYS FOR PLAINTIFF

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* D-1-GN-14-004535 _____ **COURT** *(FOR CLERK USE ONLY):* 345th _____

STYLED Autocraft Bodywerks, Inc. vs. Elite Auto Body LLC Et Al.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>James G. Ruiz | Email:<br>jruiz@winstead.com | Plaintiff(s)/Petitioner(s):<br><br>Autocraft Bodywerks, Inc. | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br>401 Congress, 21st Floor | Telephone:<br>(512) 370-2818 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Austin, TX 78701 | Fax:<br>(512) 370-2850 | Defendant(s)/Respondent(s):<br>Elite Auto Body LLC<br>Rey R. Hernandez | Custodial Parent: |
| Signature: | State Bar No:<br>17385860 | Yesica Diaz<br>David Damian | Non-Custodial Parent: |
| /s/ James R. Ruiz | | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions**<br>**(non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>Liability: _____<br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product: _____<br><br>☒Other Injury or Damage: | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>Pre-indictment<br>☐Other: _____ | ☐Enforce Foreign<br>Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>of Minority<br>☐Other: _____ | ☐Adoption/Adoption with<br>Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br>Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: _____ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: _____ |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☒Temporary Restraining Order/Injunction<br>☐Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees<br>
☒Less than $100,000 and non-monetary relief<br>
☐Over $100, 000 but not more than $200,000<br>
☐Over $200,000 but not more than $1,000,000<br>
☐Over $1,000,000

Rev 2/13